IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                             Case No. 3:06CR719

        Plaintiff

    v.                                                                                   ORDER

Mohammed Zaki Amawi, et al.,

        Defendant

        This is a criminal case in which a prospective witness, Jihad Dahabi, is awaiting deportation. His removal has been stayed pending the taking of his evidence deposition, as trial is not likely to occur for about a year.

        The government has filed a motion for an order declaring that Dahabi, when his evidence deposition is taken, be deemed a witness for the defense. The defense opposes that motion, and seeks to have Dahabi, though the government eschews an intent to call him as its witness, declared a government witness.

        This tussle involves, apparently, a desire on the part of both sides to ensure that they can use leading questions during their respective interrogations of Dahabi. The government wants to make sure that the deposition is taken to develop pertinent evidence for trial, and not as a device to obtain discovery.

        Rather than deeming Dahabi as the witness of either party, I will exercise the discretion provided under Fed. R. Evid. 614(a) to call him as a Court's witness. This will permit both parties

to examine him as extensively, and generally in the manner that they may desire, subject to my right to restrict the use of leading questions when such are being used for an improper purpose [i.e., as a substitute for testimony by Mr. Dahabi].

I expect that the deposition will be conducted for the purpose of developing evidence. Given the fact that the deposition is occurring at a very early stage in this case, I also expect, though, that some latitude will be necessary to ensure that all potential evidence is obtained during the course of the deposition.

Taking of Dahabi's testimony shall begin simply with an announcement by me that "the next witness is Jihad Dahabi." As is my custom with all witnesses, I will conduct an initial preliminary examination, asking the witness to state his name, city of residence, and other basic introductory information. In addition, I expect that I will ask him to confirm that he has been convicted of the offense with which he was charged, is awaiting sentencing and deportation, and is being questioned as a witness before he leaves the country and becomes unavailable for trial.

The interrogation shall thereafter be conducted initially by counsel for the defense and then government counsel – all without reference being made to Dahabi's status as a "Court's witness."

Objections shall be heard and ruled on during the course of the testimony, as would otherwise occur at trial. Statements that normally would occur at sidebar will be recorded, but redacted before the testimony is presented to the jury.

If other grounds to object arise prior to trial due to subsequent developments in the case, they may be raised and will be ruled on as appropriate.

In light of the foregoing, it is hereby

ORDERED THAT the motion of the government for an order declaring Jihad Dahabi to be a defense witness be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge