IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06CR719 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge James G. Carr |
| v. | ) | |
| | ) | |
| MOHAMMAD ZAKI AMAWI, | ) | |
| MARWAN OTHMAN EL-HINDI, | ) | PROTECTIVE ORDER |
| WASSIM I. MAZLOUM, | ) | |
| ZUBAIR A. AHMED, and | ) | |
| KHALEEL AHMED, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Government's Motion for Extension of the Court's previously issued Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and/or documents, which may be reviewed by or made available to, or are otherwise in the possession of, the defendants and/or their counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2004) (hereinafter sometimes referred to as "CIPA"); the Security Procedures Established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice

-2-

of the United States for the Protection of Classified Information (reprinted following CIPA Section 9) (hereinafter sometimes referred to as the "Security Procedures"); Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and in order to protect the national security,

IT IS HEREBY ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a "need-to-know."

2. The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, the defendants, all other counsel involved in this case, translators for the defense, any Court personnel, and all other individuals who receive access to classified national security information and/or documents in connection with this case.

3. The procedure set forth in this Protective Order and the Classified Information Procedures Act will apply to all pre-trial, trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P. 16(d), Sections 3 and 9 of CIPA, and its inherent supervisory authority to ensure a fair and expeditious trial.

4. As used herein, the terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

   a. Any classified document or information which has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP

-3-

SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION ("SCI")," or any information contained in such document;

      b.      Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

      c.      Verbal classified information known to any defendant or defense counsel;

      d.      Any document and/or information as to which any defendant or defense counsel have been notified orally or in writing that such documents or information contains classified information;

      e.      Any information, regardless of place or origin and including "foreign government information," as that term is defined in Executive Order 12958, as amended, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters.

      5.      The words "documents" and "information" as used in this Order shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

      a.      Papers, correspondence, memoranda, notes, letters, reports, summaries,

-4-

photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, and telefacsimilies, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

        b.      Graphic or oral records or representations of any kind, digital and otherwise, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

        c.      Electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage, including but not limited to compact disks or digital video disks; and,

        d.      Information acquired orally.

     6.      All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

     7.      Information in the public domain is ordinarily not classified.  However, such information may be considered as classified, and therefore subject to the provisions of CIPA, if it is confirmed by any person who has, or has had, access to the classified information, and that confirmation corroborated the information in question.  Any attempt by any defendant or defense counsel to have such information confirmed or denied at trial, or in connection with any proceeding in this case, shall be governed by CIPA and all provisions of this Order.

-5-

8. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

9. "Secure area" shall mean a physical facility accredited for the storage, handling, and control of classified information, and may mean a sensitive compartmented information facility accredited by a Court Security Officer.

10. In accordance with the provisions of CIPA and the Security Procedures, the Court hereby designates Daniel O. Hartenstine, Security Specialist, as Court Security Officer for this case, and Michael P. Macisso, Jennifer H. Campbell, Mary M. Cradlin, Christine E. Gunning, James P. Londergan, Barbara J. Russell, Joan B. Kendrall, Erin Hogarty, Nathaniel A. Johnson, and Miguel A. Ferrer as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case. Should defense counsel be given access to any classified national security information and/or documents, defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, disclosure, and use of such documents and information.

11. The Court has been advised that the following government attorneys working on this case, Assistant U.S. Attorney Thomas Getz, and U.S. Department of Justice Trial Attorney Gregg N. Sofer, and their respective supervisors, have the requisite security clearances to have access to the classified documents and information that relates to this case. All references to government attorneys, or attorneys for the government, as used in this Order, refer only to the attorneys listed in this paragraph and their respective supervisors.

-6-

12. <u>Protection of Classified Information.</u>  The Court finds that, in order to protect the classified information involved in this case, no person except defense counsel, employees of defense counsel, or a defense witness shall have access to the classified information in this case. No defense counsel, employee of defense counsel, or defense witness shall have access to any classified information in this case unless that person shall first have:

    a.    Received an approval for access to the appropriate level of classification from the Court on a need to know basis;

    b.    Received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the CSO, and approval from the Court (as set forth below in paragraph 19) or the government, for access to the particular classified information in question; approval by the Court shall not occur but upon a showing to the Court's satisfaction of a "need to know" the particular classified information; and

    c.    Signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order.  The signed Memorandum of Understanding shall be filed with the Court.  The substitution, departure, or removal for any reason from this case of counsel for any defendant, or anyone associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

Persons other than counsel for the government, appropriately cleared Department of Justice employees, and personnel of the originating agency, can only obtain access to classified documents and information after having been granted a security clearance by the Department of Justice Court Security Officer, and with permission of the Court.  Before any person other than

-7-

counsel for the government, appropriately cleared Department of Justice employees, and personnel of the originating agency, is permitted by the Court to inspect and review classified information, he or she must also sign the Memorandum of Understanding.

13. Subject to the provisions of paragraph 12, the following attorneys for the defense and their approved employees (collectively referred to herein as "the defense"), shall be given access to classified documents and information as required by the government's discovery obligations and otherwise determined by the Court as necessary to prepare for proceedings in this case: Bradley F, Hubbell and John Czarnecki, Counsel for Mohammad Zaki Amawi; Stephen D. Hartman and Charles M. Boss, Counsel for Marwan Othman El-Hindi; Jeffrey J. Helmick and David L. Doughten, Counsel for Wassim I. Mazloum; William O. Walters, Andrea Whitaker, and Terry H. Gilbert, counsel for Zubair A. Ahmed; and Brian D. Sieve and Michael B. Slade, Counsel for Khaleel Ahmed. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining from the Court -- with prior notice to the government -- an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information.

14. For the purpose of establishing security clearances necessary for access to classified information that may be involved in this case, Standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases, and full fingerprints shall be completed and submitted to the Court Security Officer forthwith by the defense counsel, all persons whose assistance the defense reasonably requires, and by such Court personnel as the Court requires for its assistance. The Court Security Officer shall take all reasonable steps to

-8-

process all security clearance applications. This procedure will be initiated, if, and only if, the Court believes that defense counsel may be given access to classified information as defined herein.

15. If defense counsel are given access to classified information, as defined herein, the Court Security Officer shall arrange for an appropriately approved secure area for the use of the defense. The Court Security Officer shall establish procedures to assure that the secure area is accessible to the defense and authorized witnesses accompanied by defense counsel, during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The secure area will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defendants' defense in this case. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from this secure area unless authorized by the Court Security Officer. The Court Security Officer shall not reveal to the government the content of any conversations she or he may hear among the defense, nor reveal the nature of documents being reviewed by them, or the work generated by them. In addition, the presence of the Court Security Officer shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

16. All pleadings or other documents filed by the defendants shall be filed with the Court through the Court Security Officer or his designee, unless defense counsel has obtained from the Court Security Officer permission, specific to a particular, non- substantive pleading or

-9-

document, such as a motion for extension of time or other scheduling matter, which does not contain information that is or may be classified or under seal. Until further order of this Court, any potentially classified pleading or other potentially classified document filed by the defense shall be filed under seal with the Court through the Court Security Officer or a designee of the Court Security Officer. The date and time of physical submission to the Court Security Officer or his/her designee shall be considered the date and time of filing. The Court Security Officer shall promptly examine the pleading or document(s) and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, she or he shall ensure that the document is marked with the appropriate classification marking and that the document remains under seal. Any document filed by the defense that does <u>not</u> contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleadings or document to be filed by the defense that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

17. Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing.

-10-

18.     <u>Access to Classified Information</u>.  Defense counsel, their employees and defense witnesses, when accompanied by defense counsel, shall have access to classified information only as follows:

a.     All classified information produced by the government to the defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the Court Security Officer.

b.     The defense shall have free access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

c.     No person, including the defense, shall copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

d.     All documents prepared by the defense (including without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety.  None

-11-

of these materials shall be disclosed to counsel for the government.

    e.  The defense shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, and shall not discuss classified information over any standard commercial telephone, cellular telephone instrument, internet-based or wireless communication system or office intercommunication system, or in the presence of any person who has not been granted access to classified information in this case by the Court.

    f.  The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not authorized pursuant to this Order, except the Court, Court personnel, and the attorneys for the government, who have been identified by the Court Security Officer as having the appropriate clearances and the need to know that information. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order, including any defendant. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

  19.  Procedures for the disclosure and/or use of classified information by the defense shall be those provided in Sections 5 and 6 of CIPA. No classified information may be disclosed or used by the defense except:

-12-

      a.      To the Court, Court personnel, and government attorneys and their agents and employees identified by the Court Security Officer as holding proper approvals for access to classified information;

      b.      To representatives of the agency or department originating the classified information who have been identified by the Court Security Officer as holding proper security clearances and having the need to know the classified information;

      c.      In accordance with the procedures of CIPA and the procedures established by the Court Security Officer; and,

      d.      To persons who have been authorized to have access to classified information pursuant to this Order or to CIPA.

To facilitate the defense filing of notices required under Section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding or at trial. Nothing submitted by the defense to the Court Security Officer pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court, or so designated by the defense. Any and all items which are classified shall be listed in the defendant's Section 5 notice.

20. As the identity of government intelligence employees may be classified, and as certain security arrangements may be necessary to protect classified information which may be discussed, the defense may not contact any employee of any government intelligence agency without making prior arrangements for such contact with an attorney for the government, unless

-13-

the defense files a motion with the Court – which motion may be made ex parte at the discretion of defense counsel – to authorize such contact, gives the government notice of such motion, and obtains a court order authorizing that contact. Further, the defense shall give prior notice to government attorneys of any contact it intends to make with any employee of any government intelligence agency for the purpose of seeking declassification of any classified information relating to this case.

21. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not now authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

22. All classified information to which the defense counsel, defense counsels' employees, or any defense witnesses have access in this case is now and will remain the property of the government. Defense counsel, defense counsel employees, and defense witnesses shall

-14-

return all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer.  The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case.  At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

23. A copy of this Order shall be issued forthwith to counsel for each defendant, who shall be responsible for advising his respective defendant, defense counsel employees, and defense witnesses of the contents of this Order.  Defense counsel, defense counsel employees, and defense witnesses who may be provided access to classified information shall execute the Memorandum of Understanding appended to this Order, and defense counsel shall file executed originals with the Court and the Court Security Officer and serve executed original of such document upon the government.  The execution and filing of the Memorandum of Understanding is a condition precedent for any defense counsel, defense counsel employee, and/or defense witness to have access to classified information.

ORDERED this 13th day of April, 2007, in the Northern District of Ohio.


                                  s/ James G. Carr
                                  _____
                                  Honorable James G. Carr
                                  Chief Judge
                                  United States District Court
                                  Northern District of Ohio