IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:06CR719

        Plaintiff

v.                                                                           ORDER

Mohammed Zaki Amawi, et al.,

        Defendant

Pending is defendant Marwan Othman El-Hindi's motion for an order under 18 U.S.C. § 3504 directing the government to affirm or deny that is has conducted warrantless electronic surveillance of the defendant's communications. A similar motion was previously denied on the basis of an *in camera, ex parte* filing by the government.

The instant motion shall also be denied, without prejudice.

I have elsewhere outlined the rudiments of a § 3504 claim:

> At a minimum, the claimant must assert that unlawful surveillance has occurred, and as a result, the government has obtained some evidence. The witness must say more than he believes that unlawful surveillance has occurred; he must make a positive statement that such surveillance has taken place. The claim, it has been held, must be "specific, concrete and relevant" in order to evoke a detailed response.
> A sensible resolution of these conflicting views has been reached by the Second and Ninth Circuits, which require the claimant to make a "colorable" claim before the government will be called on to respond under § 3504. Other courts have called for some substantiation of the claim. These approaches reduce the likelihood

> that routine cases and grand jury investigations will be impeded by the delays caused by a § 3504 inquiry, while also protecting witnesses and defendants who have some plausible concern about having had their conversations overheard by electronic surveillance.
>
> If a claim is totally insufficient, the government will be excused from making any response. Similarly, a claim may be rejected without the need for a response where it is clear, in view of the nature of the offense or investigation, that no evidence could have possibly been obtained through eavesdropping.
>
> In other circumstances, where the court is considering whether the claim is sufficiently colorable, the decision about the necessity for a response will depend upon the circumstances, and be made on a case by case basis. As a general rule, the court should look to the circumstances in the particular case which make it reasonable to believe that surveillance may have occurred. Where there is no support for a claim of illegality, the government's burden will be correspondingly low.

Carr, *The Law of Electronic Surveillance*, § 6:6 [footnotes and citations omitted].

Defendant's motion seeks to find out, *inter alia*, whether he has been the subject of interception under the program, as reported in the public media, instituted at the direction of the President and conducted by the National Security Agency without prior authorization under the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801-1863 [FISA]. The defendant does not indicate that he has any basis, other than suspicion, that his communications have been intercepted under the NSA program.

Had the defendant been the subject of a Title III law enforcement surveillance order under 18 U.S.C. § 2510 et seq., he would be entitled to have received notice of such surveillance. Absent such notice, and absent a reasonable basis for alleging that he should have received such notice, he is not entitled to an order compelling the government to respond to his § 3504 request.

Similarly, the defendant has not asserted that he has a reasonable basis for believing that he was the subject of court-approved surveillance under FISA. Even if he had asserted such basis, an order directing affirmation or denial of such surveillance would be unwarranted. Disclosure of the existence of such secret surveillance is within the Classified Information

Procedures Act. *See* 18 U.S.C.A. App. § 1 et seq. Only after the procedures mandated by that statute have been completed would the defendant be entitled to the information sought under his § 3504 motion. Section 3504, in other words, does not trump CIPA.

Defendant's motion shall be overruled for failure to assert grounds for believing that he was the subject of electronic surveillance [other than the extensive surveillance that the government has already disclosed to him]. Because I cannot predict what – if anything – will occur in this case with regard to CIPA, FISA, or the NSA Program, such overruling shall be without prejudice.

It is, therefore,

ORDERED THAT defendant's motion under 18 U.S.C. § 3504 [Doc. 178] be, and the same hereby is overruled, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge