IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:06CR719

        Plaintiff

  v.   ORDER

Mohammed Zaki Amawi, et al.,

        Defendant

Pending in this criminal case is a motion to suppress any evidence which may have been derived from surveillance, though conducted under the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 et seq. [FISA] may have been conducted unlawfully. [Doc. 324] The motion was filed initially by Zubair and Kahleel Ahmed, who no longer are defendants in this case. Before their dismissal, co-defendant Marwan El-Hindi joined in the motion [Doc. 380], which shall be deemed filed on behalf of the three remaining defendants.

Since the motion was filed, the government, without acknowledging that it has evidence encompassed within the motion, has stated that it presently does not intend or expect to offer any FISA-derived evidence, at least not in its case-in-chief.

1

That being so, the pending motion would appear to be moot, at least until such time – if that time ever arrives – when the government indicates that it has and might offer such evidence in rebuttal. *See, e.g.,U.S. v. Thompson*, 2007 WL 172520, *4 (E.D.Tenn.) (holding that motion to suppress was moot after government announced it would not introduce the defendant's statement in its case-in-chief); *see also U.S. v. Steverson*, 230 F.3d 221, 223 (6th Cir. 2000) (noting that trial court "found the motion to suppress statements to be moot after the government gave notice that it did not intend to use Steverson's statements in its case in chief. . .").

In *Martin* and *Steverson,* the challenged statements, like FISA-derived evidence, if any, available to the government in this case, remained available for impeachment or other purposes in rebuttal. Nonetheless, the trial courts in those cases held that motions challenging the admissibility of any such evidence were moot.

To the extent that the defendants seek discovery about and disclosure of such evidence, they have no right to what they ask and seek it simply because they want it. At this point, the only right they have to any such material arises under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963). I am of the view that the *Brady* doctrine does not provide a basis for pre-trial discovery. *See U.S. v. Skeddle*, 176 F.R.D. 258 (N.D. Ohio 1997).

Thus, if the government has FISA-derived evidence, and the "evidence is material either to guilt or to punishment," 373 U.S. at 87, it must produce it of its own accord, regardless of its present expectation that it will offer no such evidence in its case-in-chief. An order commanding it to do that which it won't due, despite the constitutional mandate, would serve no useful purpose.

In light of the foregoing, the defendants' pending motion shall be overruled, without prejudice to renew in the event that the government announces an intention to offer FISA-derived

evidence in rebuttal. Such announcement shall be made forthwith, once the government makes such determination. At that point, the defendants may renew their motion.

It is, therefore,

ORDERED THAT defendants' motion to suppress illegally obtained FISA evidence [Docs. 324, 380] shall be, and the same hereby are denied as moot, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge