IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:06CR719

       Plaintiff

v.                                                                 ORDER

Mohammed Zaki Amawi, et al.,

       Defendant

This is a criminal case in which the defendants have filed [or joined in] a motion for discovery. [Doc. 313]. This order will adjudicate the remaining unresolved issues raised by that motion.

In general, that portion of the motion which remains unresolved relates to the defendants' demand for production generally under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963). At the outset, I note that, as a general rule, I am of the view that the *Brady* doctrine does not provide a basis for pre-trial discovery. *See U.S. v. Skeddle*, 176 F.R.D. 258 (N.D. Ohio 1997).

I shall, nonetheless, address each of the remaining issues individually.

*1. Names of Witnesses Whom the Government Does Not Anticipate Calling (¶ 3(n))*

The defendants seek disclosure of the name and current whereabouts of any witnesses to the underlying events whom the government does not anticipate calling as witnesses at trial and copies of any statements or summaries of statements by such witnesses.

In support of this request, the defendants cite *U.S. v. Jones*, 575 F.2d 1164, 1168 (6th Cir. 1978), and *U.S. v. Severdija*, 790 F.2d 1556, 1557-61 (11th Cir. 1986).

Neither provides a basis for me to deviate from my customary approach to *Brady* disclosure. The decision in *Jones* involves a habeas corpus petitioner whose right to disclosure of exculpatory material was violated when the prosecution withheld material evidence. The same is true with regard to *Severdija*, which, in any event, is an Eleventh Circuit case. Neither case stands for the proposition that the information sought about known witnesses who will not be testifying and any statements by such witnesses has to be disclosed under *Brady* or otherwise.

I am confident that the government is fully cognizant of its obligations under *Brady*; I assume and expect that it has and will fulfill those obligations, and err on the side of disclosure, especially with regard to the disclosure sought here. But absent some indication that the government is not likely to be complying with its constitutional obligations, I decline to order it to do that which the Constitution already mandates.

*2. The names of unindicted co-conspirators whose statements will be offered against the defendants (¶ 3(o)).*

While the information covered by this request is sought, but is not discoverable under *Brady*, I believe that the identities of any unindicted co-conspirators, and their last know addresses and other contact information, to the extent known to the government, should be disclosed when the government discloses its trial witnesses.

This is so, because such individuals, though not being called, will, in effect, be testifying against the defendants. Having them identified when the government notifies the defendants of its witnesses against them acknowledges the practical realities and consequences of the use of statements by unindicted coconspirators. *Cf. U.S. v. Barrentine* 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators

who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial.).[1] Courts have on occasion ordered disclosure of the identities of unindicted coconspirators whom the government will not be calling at trial. *U.S. v. DeGroote*, 122 F.R.D. 131, 137-38 (W.D.N.Y. 1988); *see also U.S. v. Anderson* 31 F. Supp.2d 933, 938 (D. Kan. 1998) ("The defendants are entitled to know the identity of any unindicted coconspirators.")

Whether the defendants could obtain an order compelling production of the identities of unindicted coconspirator witnesses is not the issue. The issues are, rather: 1) the government has [and properly so, in the interest of a fair and smoothly proceeding trial [and in accordance with this court's custom]] agreed to inform the defendants of the identities of its witnesses before they are called to testify; and 2) where, in lieu of testimony from such individuals in court, the government will offer their statements against the defendants under Fed. R. Evidence 801(d)(2)(E), the individuals are serving, in effect, as witnesses against the defendants. So their names should be disclosed along with those of the other "live" witnesses.

---

[1] The decision in *Barrentine* predated the creation of the Eleventh Circuit. Courts in the Eleventh Circuit have rejected the Fifth Circuit's acceptance in *Barrentine* of a bill of particulars as a means of obtaining the identity of unindicted coconspirators. *See U.S. v. Scrushy*, 2004 WL 483264, *8 (N.D. Ala. March 3, 2004) ("A defendant who desires a list of government witnesses – or "unindicted co-conspirators" – could thus by-pass the Rule 16(b) restriction on discovery by asking for and receiving a 'bill of particulars' pursuant to Fed. R. Crim. P. 7(f), which simply provides that '[t]he court may direct the filing of a bill of particulars.' Because a defendant has no right to obtain a list of witnesses by simply calling his request a 'bill of particulars,' *see United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976), we decline to apply a mechanical rule whereby a bill of particulars is automatically accorded the status of a supplement to an indictment.").

The government shall, accordingly, be required to treat unindicted coconspirators whom it elects not to call at trial, and whose statements it intends to use, as though they were to be called. In addition, the government shall disclose the statements that it intends to offer in accordance with the procedure established in this case for production of *Jencks* material. This request shall otherwise be overruled.

*3. Production of National Security Letters and Responses. [¶ 3(p)].*

The defendants seek production of:

> Any national security letters ("NSLs") drafted or issue[d] in the course of the investigation in this case, all records produced in response to such NSLs, any evidence derivative of the national security letters, and notice as to whether any evidence in this case was derived from a national security letter.

The defendants claim to need such information to determine whether the government, through such letters, has violated their constitutional rights.

An NSL is a directive, in the form of a letter, to a third party, typically served on that party by an F.B.I. agent, requiring the third party to produce business records that it has created and maintains reflecting its dealings with the individual or entity designated in the NSL.[2] NSLs, which can command the third party not to disclose either service of or the response to the NSL, can issue

---

[2] Several statutes provide authority to issue NSLs. *See* Right to Financial Privacy Act, 12 U.S.C. § 3414(a)(5) (for financial institution customer records); Fair Credit Reporting Act, 15 U.S.C. § 1681u (for financial institution identities and consumer identifying records), § 1681v (for full credit reports in international terrorism investigations); Electronic Communications Privacy Act, 18 U.S.C. § 2709 (for billing and transactional communication service provider records); National Security Act, 50 U.S.C. § 436 (for financial, consumer, and travel records for certain government employees who have access to classified information). For purposes of this opinion, I assume that the government served NSLs under one or more of these provisions, received information about one or more of the defendants in return, used that information, or derivative information, in its investigation and before the grand jury, and will continue to use such information, or derivative information in its prosecution of the defendants.

only with regard to national security-related investigations (i.e., relating to international terrorism or foreign intelligence/counterintelligence), and not for general criminal investigations.

In opposition the government argues that the defendants: 1) are not entitled to the discovery they seek under Fed. R. Crim. P. 16; 2) to the extent they challenge the lawfulness of the NSL process, do not have standing to challenge either the service of NSLs on third parties or responses to NSLs.[3]

I agree with the government that production of NSLs and/or information and documents obtained in response to service of NSLs is not discoverable under Rule 16 or otherwise. To the extent that the defendants seek discovery under the *Jencks* Act, the government has already agreed to a timetable for *Jencks* materials. Assuming that information or documents obtained *via* an NSL came within the *Jencks* Act, that agreement moots the instant request.

It would appear likely, or at least possible, that the defendants could obtain the information that they seek directly from the entities on whom NSLs may have been served regarding their records and transactions with such entities. Presumably they know who their financial institutions, phone companies and internet service providers, credit card companies, and travel providers were during the pertinent period. Contacting those entities directly may well enable them to get as much or more information than the government may have obtained through service of any NSLs.

---

[3] The government forthrightly and properly calls my attention to *Doe v. Gonzales*, 500 F.Supp.2d 379 (S.D.N.Y. 2007). In that case, the court held that the provisions of 18 U.S.C. § 2709 relating to nondisclosure by recipients of NSLs violated the First Amendment and could not be severed from the rest of that section. This case differs from that case, in that, *inter alia*, plaintiffs were the recipients of NSLs, complaining about their inability to tell anyone about having received the NSLs. To the extent that the defendants assert a constitutional basis for their motion, it finds its basis in the Fourth Amendment, rather than the First Amendment. The decision in *Doe* has no applicability to the defendants' motion.

Questions about the defendants' standing to challenge issuance or compliance with NSLs appears to be moot, as the defendants are not seeking, at least not in their instant motion, to suppress any NSL-derived information or documents. Though they cite *Warshak v. U.S.*, 490 F.3d 455 (6th Cir. 2007), in response to the government's [now moot] challenge to standing, that decision, even if pertinent to what's now at issue before me, has been vacated.

In light of the foregoing, it is

ORDERED THAT, with regard to ¶¶ 3(n), (o), and (p) of the defendants' motion to compel production [Doc. 313]:

1. The names of witnesses whom the government intends not to call need not be disclosed, except as required by the *Brady* doctrine;

2. The government shall disclose the names of unindicted coconspirators whose statements it intends to offer in lieu of live testimony by said individuals in accordance with this court's orders relating to production of its witness list and *Jencks* materials; motion as to materials relating to unindicted coconspirators otherwise overruled; and

3. Motion for disclosure of National Security Letters denied.

So ordered.

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge