IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                     Case No. 3:06CR719

        Plaintiff

    v.                                                                                                ORDER

Mohammed Zaki Amawi, et al.,

        Defendant

        This is a criminal case in which the government charges three defendants with conspiracies and other crimes relating to terrorism.[1] Counts Seven and Eight charge the defendant Amawi with making threats against the life of the President. Although Amawi does not move to sever the trial of those counts from trial of the other counts against him and his co-defendants, co-defendant El-Hindi has moved to have those cases tried separately.

        That motion shall be granted.

        The general rule regarding severance is:

> "There is a preference in the federal system for joint trials of defendants who are indicted together." Consequently, a motion for severance is committed to the sound discretion of the district judge. A defendant seeking severance at trial from

---

[1] The charges in the Superseding indictment are: Count One - conspiracy to kill American soldiers in Iraq; Count 2 - Conspiracy to provide material support to terrorists; Count 3 - distribution of information about making an explosive device [Amawi only]; Count 4 - distribution of information about making an explosive device [Amawi only]; Count 5 - distribution of information about making an explosive device [El-Hindi only]; Count 6 - distribution of information about making an explosive device [El-Hindi only]; Count 7 - threatening the life of the President [Amawi only]; Count 8 - threatening the life of the President [Amawi only]; Count 9 - fraud [El-Hindi only]. I have previously granted El-Hindi's motion for a separate trial as to Count 9. [Doc. 515].

> co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice. In fact, severance is required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

*U.S. v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) (citations omitted).

It has also been noted, however, that, Fed. R. Crim. P. 14 "allows the court in its discretion to sever charges or defendants, even where they have been properly joined, if failure to do so would prejudice the defendant. A motion under the rule is committed to the sound discretion of the trial court and is 'virtually unreviewable.'" *U.S. v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (citation omitted). One of the considerations where a codefendant seeks to have charges against another defendant severed is judicial economy. *See U.S. v. Haworth*, 168 F.R.D. 658, 659 (D. N.M,1996).

The gravamen of this case is that the defendants undertook to become trained in anticipation of joining the insurgency in Iraq, and thereby providing material support to those fighting our troops in that country.

Charges of this provocative sort carry an inherent and self-evident risk of prejudice; great care must be taken to minimize the risk that inchoate fears about shadowy, but potentially real dangers will affect the outcome of the jurors' deliberations.

The charges which El-Hindi seeks to sever relate to two statements by Amawi to the government's cooperating witness. That witness recorded the statement constituting the alleged threat in Count Seven. He did not record the alleged threat in Count Eight.

There is no allegation that Amawi discussed causing harm to the President with either co-defendant. There is no indication that he did anything else indicative of a desire or plan to harm the President.

There appears to be no nexus between these statements and the purpose of the conspiracies charged in the indictment – namely, to obtain training to prepare to participate in the conflict against American and other forces in Iraq. *Cf. U.S. v. Bissell*, 954 F. Supp. 903, 910 (D. N.J.,1997) (severance properly denied where charges against defendant and co-defendant "were closely related"); *U.S. v. Washington,* 819 F.Supp. 358 (D. Vt. 1993) (denying severance of count against co-defendant charging retaliation against a witness in a drug conspiracy case).

There is no indication that the other defendants were aware of these comments until after return of the indictment, much less that they agreed, or would have agreed with them.

There appear to be, therefore, no "common elements of proof" between the rest of the charges and these two counts. *U.S. v. Verra*, 203 F. Supp. 87, 90 -91 (S.D. N.Y. 1962) ("Where there are common elements of proof in the joined offenses, the public interest in avoiding duplicitous, time-consuming and expensive trials must be weighed against the prejudice which the defendants envision.") (footnotes omitted).

Few charges can be more alarming to jurors than threatening the life of the President. The potential impact of such charges can only be viewed as intensified when the government couples them for trial with charges related to terrorism. There is a significant risk of irremediable prejudice to Amawi's co-defendants if these charges, which relate solely to him, are tried jointly with the charges against all the defendants.

The government argues that proof of these charges won't take much time during the impending trial. That certainly appears to be so. The government also argues, though, that if I sever these charges, trial of them by themselves will take a lot more time, as the government will have to put Amawi's comments in context with other evidence about his activities.

3

Even if that is so – and I am far from persuaded that it is – the resulting impact, based on considerations of judicial economy, on me, the government, and the defendant, does not outweigh the clear, and far more tangible, perceptible, and not reasonably deniable risk of prejudice to El-Hindi if these counts are tried jointly with the rest of the counts in the indictment.

The interests of justice are best served by severing these counts and trying them separately.

It is, therefore,

ORDERED THAT the motion of the defendant El-Hindi that Counts Seven and Eight be severed from trial of the other pending counts be, and the same hereby is granted.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge