IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:06CR719

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　　ORDER

Mohammed Zaki Amawi, et al.,

　　　　　Defendant

　　　　This is a criminal case in which the indictment charges the defendants with, *inter alia*, conspiring to provide material support for commission of terroristic crimes in violation of 18 U.S.C. § 2339A. Pending is the defendant El Hindi's motion [in which all defendants are deemed to join] to exclude testimony or findings relative to Count 2, which contains that charge, on the basis of statutory vagueness and overbreadth. [Doc. 535].

　　　　The government opposes the motion, [Doc. 597], which I deem to be, at least in effect, a motion to dismiss. For the reasons that follow, the defendants' motion shall be overruled.

**Background**

　　　　The allegations in the indictment pertinent to the pending motion are that the defendants conspired to recruit and train other persons to prepare them to engage in terrorism abroad and, in particular, to kill United States nationals. Preparatory to providing such training, the defendants,

according to the indictment, took several steps to learn what it was that they were to impart to those whom they were to recruit and train.

> Count 2 states specifically that the defendants
>
> did conspire, confederate and agree with others known and unknown to the Grand Jury to provide material support and resources, knowing and intending they were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 2332 (killing of U.S. nationals) . . . [i]n violation of Title 18, United States Code, Section 2339A.

[Doc. 186, ¶¶ 46, 58].

The statutory basis for Count 2, 18 U.S.C. § 2339A(a), which criminalizes providing material support to terrorists, states in pertinent part:

> Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [certain enumerated criminal offenses, including 18 U.S.C. § 2332, killing of U.S. nationals] or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be [fined or imprisoned].

Section 2339A(b)(1) defines the term "material support or resources" as used in § 2339A, to include, *inter alia*, "training," "service," and "expert advice or assistance."

Section 2339A(b)(2) defines "training" as "instruction or teaching designed to impart a specific skill, as opposed to general knowledge."

Section 2339A(b)(3) defines "expert advice or assistance" as "advice or assistance derived from scientific, technical or other specialized knowledge."

The defendants claim that the terms "training," "service," and "expert advice or assistance," as incorporated into § 2339A, are impermissibly vague and violate the Due Process Clause of the Fifth Amendment to the United States Constitution. They contend that "training," "service," and

"expert advice or assistance" fail to notify a person of ordinary intelligence as to what conduct constitutes "material support or resources" under the statute.

The defendants also assert that the terms "training," "service," and "expert advice or assistance" could improperly be interpreted to criminalize speech and expression protected under the First Amendment.

Thus, though denominating their challenge as one based on statutory vagueness, the defendants, as the government's response suggests, appear, in fact, to be asserting two distinct challenges – vagueness and overbreadth – to the constitutionality of § 2339A.

The vices of statutory vagueness are failure to give: 1) sufficiently specific notice about the prohibited conduct to enable one to know whether he is violating the statute; and 2) standards for enforcement to the police and courts. *See, e.g., City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)); *U.S. v. Bowker*, 372 F.3d 365, 380 (6th Cir. 2004), *rev'd on other grounds*, 543 U.S. 1182 (2005); *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1104 (6th Cir. 1995).

The vice of statutory overbreadth is criminalization of constitutionally protected freedom of expression. *See, e.g.,*; *Virginia v. Hicks*, 539 U.S. 113, 119 (2003); *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 495 (1982); *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

As required by *Hoffman Estates*, *supra*, 455 U.S. at 495, I first address defendants' overbreadth contentions.

### 1. Overbreadth

3

To be invalid for overbreath, the statute's reach into the zone of protected speech must be real and substantial and "judged in relation to [its] legitimate sweep." *Broaderick, supra*, 413 U.S. at 615.

The defendants do not suggest how training, giving service to, or providing expert advice and assistance to others to commit acts of terrorism overseas, including killing and maiming of United States citizens, could come within the First Amendment. Nor do they assert that enforcement of § 2339A against them has curtailed or will curtail their lawful rights of free expression. Their speculation about some unspecified circumstance in which § 2339A could infringe lawful expression is not a basis for finding the section impermissibly overbroad. *See, e.g., U.S. v. Awan* 459 F.Supp.2d 167, 180 (E.D.N.Y. 2006).

Here, as in *Awan*, the defendants have "failed to describe any situation in which even an insubstantial amount of speech may be restrained because of § 2339A(a)." *Id*. There can be no doubt, in any event, that "§ 2339A is a legitimate exercise of Congress' power to enact criminal laws that reflect 'legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.'" *U.S. v. Sattar*, 314 F.Supp.2d 279, 305 (S.D.N.Y. 2004) (citing *Broadrick, supra*, 413 U.S. at 615); *see also Humanitarian Law Project v. Mukasey,* 509 F.3d 1122, 1136-37 (9th Cir. 2007) (terms "training," "personnel," "expert advice or assistance" and "service," as used in 18 U.S.C. § 2339B not overbroad).

There is no merit to the defendants' challenge – to the extent that they make one – to the alleged overbreadth of § 2339A.

**Vagueness**

In support of their vagueness challenge to § 2339A, the defendants rely principally on a series of Ninth Circuit district and circuit court opinions in a civil case involving a companion provision, 18 U.S.C. § 2339B. The most recent of these cases, collectively known as the "Humanitarian Law Project" ("HLP") cases is *Humanitarian Law Project v. Mukasey,* 509 F.3d 1122 (9th Cir. 2007) ("HLP III").[1] As the defendants correctly point out, the consistent result – thus far – has been a declaration that, as used in § 2339B, the terms "training," *id.* at 1134-35, "other specialized knowledge" portion of ban on providing "expert advice or assistance," *id.* at 1135, and "service," *id.* at 1135-36, are unconstitutionally vague.

These cases do not, however, support a finding that § 2339A – the statute in this case, but not at issue in the HLP cases – is impermissibly vague. This is so because § 2339A, unlike § 2339B, requires that whoever provides the prohibited training, service and/or expert advice and assistance must do so "knowing and intending that they are to be used in preparation for, or in carrying out, a violation" of one of statute's enumerated criminal offenses.[2]

---

[1]

The sequence of cases preceding HLP III is: *Humanitarian Law Project v. Reno*, 9 F.Supp.2d 1176 (C.D.Cal. 1998), *aff'd*, 205 F.3d 1130 (9th Cir. 2000), *on subsequent appeal sub nom. Humanitarian Law Project v. U.S. Dept. of Justice*, 352 F.3d 382 (9th Cir. 2003), *reh. en banc granted*, 382 F.3d 1154 (9th Cir. 2004), *judgment vacated,* 393 F.3d 902 (9th Cir. 2004), *on remand sub nom. Humanitarian Law Project v. Gonzales*, 380 F.Supp.2d 1134 (C.D.Cal. 2005), *aff'd sub nom. Humanitarian Law Project v. Mukasey*, 509 F.3d 1122 (9th Cir. 2007) [HLP III].

[2]

The pertinent portion of § 2339B(a)(1) reads, in contrast: "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so" violates the section. While § 2339B incorporates the definitions of material support [and thus, training, service and expert advice/assistance] found in § 2339A(b), § 2339B lacks the scienter requirement of § 2339A – namely, that the prohibited conduct be knowingly or intentionally provided to further the commission of one or more of the enumerated criminal acts.

In the most recent iteration of the HLP cases, the Ninth Circuit noted, with regard to § 2339B, that "Congress could have, but chose not to, impose a requirement that the defendant act with the

5

I agree with other courts that have confronted the distinction between § 2339A and § 2339B and concluded that § 2339A is not unconstitutionally vague. *U.S. v. Abdi*, 498 F. Supp. 2d 1048, 1058 (S.D. Ohio 2007) ("Defendant's reliance on the HLP Cases is, therefore, wholly irrelevant and inappropriate with respect to § 2339A"); *U.S. v. Awan*, 459 F. Supp. 2d 167, 179 (E.D.N.Y. 2006) ("[A]nyone of 'ordinary intelligence' would understand [the] activities to be prohibited. . . . Nor does such a detailed statute raise the specter of arbitrary enforcement since it explains with 'sufficient definiteness what is prohibited, and the specific intent that is required, so that enforcement of the statute is not left to the arbitrary and discriminatory choices of law enforcement officials.'") (citing *U.S. v. Sattar*, 314 F. Supp. 2d 279, 303 (S.D.N.Y. 2004)); *U.S. v. Sattar*, 315 F. Supp. 2d 279, 303 (S.D.N.Y. 2004) ("The statute lays out with sufficient definiteness what is prohibited, and the specific intent that is required, so that enforcement of the statute is not left to the arbitrary and discriminatory choices of law enforcement officials.").

In light of the scienter requirement in § 2339A, the statute gives fair and ample warning to the defendants about the conduct it prohibits. If one undertakes to train or otherwise provide expert advice or assistance to persons knowing that that training, advice or assistance will be used to prepare for or carry out violent criminal acts, he has plenty of notice as to what he should not do if he wants to stay clear of the statute's sanctions.

Most simply put, a "defendant cannot complain about a lack of notice when the statute requires a high level of specific intent for a violation." *Sattar, supra*, 314 F. Supp. 2d at 301.

## Conclusion

---

specific intent to further the terrorist activity of the organization, a requirement clearly set forth in sections 2339A and 2339C of the statute, but left out of section 2339B." *HLP III*, *supra*, 509 F.3d at 1133.

In light of the foregoing, it is

ORDERED THAT the defendants' "Motion in Limine to Exclude Testimony or Findings Relative to Count 2" [Doc. 535] be, and the same hereby is overruled.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge