IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:06CR719

　　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　　ORDER

Mohammed Zaki Amawi, et al.,

　　　　　　Defendant

　　　　This is a criminal case in which two defendants have filed discovery motions. Several rulings as to various aspects of these motions were made orally on March 25, 2008. This order, with some modifications, confirms those rulings.

1. Amawi Motion to Compel Disclosure of *Brady* Evidence [Doc. 640].

　　　　The defendant represents that the government identified six witnesses whom it had interviewed upwards of two years ago who "disclosed information, or the lack thereof, that could provide leads that would assist one or more of the defendants in preparing their defense." The government represents that it concluded that, as it was preparing for trial, the identities of these witnesses should properly be disclosed.

　　　　The defendant's motion seeks an order compelling disclosure of all interview notes, reports, statements and other documents relating to the witnesses, as well as their current contact information.

1

Except for the most current contact information known to the government, there is no basis for requiring it to produce any of the other materials requested in this motion. *Brady* is not a pretrial discovery device:

> The *Brady* doctrine is not a pretrial discovery device. *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971) ("*Brady* did not deal with pretrial discovery. It concerned only prosecutorial suppression of evidence known to be crucial to the defense of the accused."). Under *Brady*, therefore, the prosecutor has an affirmative obligation to disclose material exculpatory evidence. A prosecutor's failure to comply with *Brady* obligations can lead, as it has in this case, to post-trial inquiry. *United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982) ("*Brady* may be invoked only when the trial has been completed . . . . [and it] becomes a concern of the court after the trial has ended.").

*Spirko v. Anderson*, 2000 WL 1278383, *21 (N.D. Ohio).

Disclosure simply of a name, however, would not be sufficient. Thus, the government shall be required forthwith to inform the defendants, if it has not already done so, of the most current contact information known to it for each of the six witnesses.

2. Amawi Motion to Compel Production of Documents [Doc. 543].

The defendant seeks production of: 1) satellite phone records of a designated phone; 2) all e-mails between the defendant and the government's cooperating witness; 3) any other documentary materials containing communications between the defendant and the cooperating witness; 4) records of an interview or interviews conducted by the government of the defendant at his residence during 2004; 5) cellular phone records pertaining to the defendant during the period 2003-06; and 6) all communications between the governments of Jordan and the United States and records of any surveillance of the defendant by the Jordanian government.

The defendant suggests no basis for his requests. I assume that, except to the extent discussed herein, he bases his requests on the *Brady* doctrine, as the demands are outside the scope of Fed. R. Crim. P. 16. As noted above, that doctrine is not a device for obtaining pretrial discovery.

The one exception is copies of any statements by the defendant. Under Rule 16(a)(1)(A), the government must disclose the "substance of any relevant oral statement made by the defendant" if it "intends to use the statement at trial." *See U.S. v. Clark*, 385 F.3d 609, 620 (6th Cir. 2004) (government violated Rule 16(a)(1)(A) when it failed to turn over interview notes of statement offered at trial).

Thus, if the government has notes of any oral statements that it intends to offer at trial, it shall forthwith provide copies of those notes, if it has not already done so.

3. Amawi Motion for Discovery re. Informants [Doc. 622].

The defendant requests thirty-seven enumerated items [exclusive of sub-parts] requiring just about everything relating to any informant witnesses [of which there appears to be only one]. The material requested by the defendant is not encompassed within Rule 16 or even, in some respects, the *Brady* doctrine.

The government has provided the defendants with a letter statement concerning pertinent aspects of the informant's background and its compensation of the informant during the period he has worked for the government. Implicit in this submission is a representation by the government that it knows of no other information that both bears on the informant's credibility and might be admissible at trial.

To the extent that the defendant seeks production on the basis of the *Brady* doctrine, his motion shall be overruled for the reasons stated above. The defendant has not cited any specific

3

authority for his various requests, and I decline to undertake the research necessary to find out whether, item-by-item, case law or precedent supports his requests.

Denial of the defendant's motion shall, however, be without prejudice to his right to renew any request as to which prevailing law provides specific authority as to the particular requested item.

4. Defendant Amawi's Supplemental Request for Discovery [Doc. 628].

The defendant seeks production from the government of his own phone records. Aside from the fact that, so far as I am aware, Rule 16 does not require the government to produce such information [assuming it has it], it can, in all likelihood, be obtained by the defendant directly from his service providers.

The defendant also seeks production of phone records pertaining to the government's informant. Here, again, I know of no basis on which such production can be compelled. The defendant notes, however, that the government has undertaken to produce this information, but the disc on which it was submitted could not be accessed. I trust the parties will work this problem out. In the meantime, the defendant's motion shall be overruled.

5. Defendant Amawi's Motion to Compel Production of Evidence Regarding Extradition [Doc. 629].

Following return of the indictment in this case, the defendant was, at the request of the American government, taken into custody by Jordanian authorities and delivered by them to American authorities, who transported him to this district. Though this process did not involve extradition, he seeks discovery of documents and other information relating to his "extradition."

This motion shall be overruled as moot, in view of the earlier order overruling the defendant's motion to dismiss on the basis of an unlawful extradition.

6. Defendant Amawi's request for disclosure of MSN Hotmail and E-mail Accounts [Doc. 645].

The government obtained an order under 18 U.S.C. § 2701 *et seq.* for production of subscriber and other information from an internet service provider. Relying on the *Brady* doctrine, the defendant seeks disclosure of the information thereby obtained.

For the reasons stated above, this motion shall be overruled.

7. El-Hindi motion in limine to exclude photographic and video evidence [Doc. 534].

The defendant seeks to exclude photos and video recordings obtained from computers seized from him and the defendant Amawi following return of the indictment. The government has selected certain of these items for presentation to the jury and provided copies of those items to the court and defense counsel.

The materials show, *inter alia*, killing of American soldiers, executions of civilians by beheading and shooting, suicide bombings, dead American soldiers, mutilation of bodies, how to make a suicide bomb vest and some American military actions. They are graphic and gruesome.

Nonetheless, they are probative and relevant. Their probative value is not outweighed, much less substantially so, by the risk of unfair prejudice. All jurors were questioned about their ability to try the defendants without regard to their emotional reactions to such evidence. Each of the jurors who will be serving at trial has satisfactorily stated that he or she can do so. No more is necessary to ensure that the defendants will, despite the government's use of this evidence – which, according to my understanding, is a relatively small portion of the total amount of such materials found in the defendants' computers – be tried fairly.

The defendant's motion in limine shall be overruled.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant Amawi's motion to compel disclosure of *Brady* evidence [Doc. 640] be, and the same hereby is overruled, except to the extent that the government shall forthwith produce the most recent contact information known to it as to the six witnesses referenced in said motion;

2. Defendant Amawi's motion to compel production of documents [Doc. 543] be, and the same hereby is overruled, except with regard to notes of any oral statements, as requested in said motion, which the government intends to offer at trial;

3. Defendant Amawi's motion for discovery [Doc. 622] be, and the same hereby is overruled, without prejudice as provided herein;

4. Defendant Amawi's supplemental request for discovery [Doc. 628] be, and the same hereby is overruled;

5. Defendant Amawi's motion to compel production of evidence regarding extradition [Doc. 629] be, and the same hereby is overruled;

6. Defendant Amawi's motion to compel production of MSN hotmail and e-mail accounts [Doc. 645] be, and the same hereby is overruled; and

7. Defendant El-Hindi's motion in limine [Doc. 534] be, and the same hereby is overruled.

So ordered.

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge