IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,       Case No. 3:06CR719

    Plaintiff

v.       ORDER

Mohammed Zaki Amawi,

    Defendant

This is a criminal case in which the defendant has moved for production of electronic communications under 18 U.S.C. § 2703. [Doc. 760]. The government opposes the motion. [Doc. 765].

For the reasons that follow, the defendant's motion shall be denied.

During the period of the alleged conspiracy and until the time of his indictment and arrest in February, 2006, the defendant maintained email accounts with Yahoo and Microsoft ["providers"]. He has served subpoenas on the providers to disclose the contents of his email communications during the period October 1, 2003 - March 1, 2006.

The defendant informs the court that, although under 18 U.S.C. § 2702(b)(3), the providers are permitted to disclose the communications defendant seeks, the providers have declined to honor the subpoena unless he provides his passwords and other user identifying information.

Due to the passage of time and his incarceration since his arrest in February, 2006, the defendant cannot recall the information required by the providers. Thus, he has so far been unable to get what he wants from the providers directly.

This has led him to file his instant motion under 18 U.S.C. § 2703(d). This provision permits disclosure by a provider to a "government entity" upon court order. Defendant claims that, as part of the United States Courts, the Office of the Federal Public Defender is a "government entity" which can seek a court order compelling production of electronic communications.

The government contends, and its contention is well taken, that the Office of the Federal Public Defender is not a "government entity" within the meaning of § 2703.

"Government entity" is defined in 18 U.S.C. § 2711(4), as "a department or agency of the United States or any State or political subdivision thereof." The judiciary is not a department or agency of the United States; thus, the judiciary and its components, including the Federal Public Defender, cannot obtain a court order under § 2703(d).

The statute makes this equally plain in § 2703(d) itself, which states that a court order can only issue from a "court of competent jurisdiction" to the governmental entity seeking such order. As a matter of statutory construction, § 2703(d) distinguishes between courts, which issue orders, and government entities, which can apply for orders.

Further, a reading of §§ 2702 and 2703 *in toto* makes plain that a legislative purpose is to enable executive departments, such as the Department of Justice, and agencies, such as the Federal Bureau of Investigation, to obtain electronic communications, and to do so, if it chooses, without concurrent notice to the subscriber. *See* 18 U.S.C. §§ 2703(c)(3), 2705.

There is, moreover, nothing in the legislative history that indicates that the Federal Public Defender is a "government entity" covered by the statute. *See generally* S. Rep. 99-541, P.L. 99-508, Electronic Communications Privacy Act of 1986, 35-45, *reprinted in* 1986 U.S.C.C.A.N. 3555, 3589-99 (October 17, 1986).

Finally, as the government points out, the defendant's motion does not indicate that he has sought to compel production from the providers. Without determining whether such effort would or could be successful, moving to compel disclosure from the providers directly does seem to be the more appropriate, and potentially more productive, route for the defendant to take.

The defendant has suggested orally in open court that the government has no standing to oppose his motion. I disagree. It appears from the defendant's motion that he did not serve the providers with a copy of this motion. At this time, therefore, only the government has an interest in its adjudication. The government's interest is real and current; it has standing to voice its objections.

It is, therefore,

ORDERED THAT the defendant Amawi's motion to compel disclosure of electronic communications [Doc. 760] be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
