IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                               Case No. 3:06CR719

        Plaintiff

v.                                                                                          ORDER

Mohammed Zaki Amawi,

        Defendant

       This is a criminal case in which the defendant Wassim Mazloum is charged with conspiring with the two other defendants with having conspired to kill or maim United States servicemen in Iraq and to provide material support for terrorism in Iraq. Among other contentions advanced by the government is that the defendants desired to participate in *jihad* by joining the Iraqi insurgency.

       The defendant wants to offer testimony by two third-party witnesses who will testify that, about six weeks after the only meeting between all three alleged co-conspirators during the nearly three-year long investigation of the alleged conspiracy, the defendant stated that *jihad* in Iraq would not be permissible under Islamic law because Iraq is not a "nation" and a *fatwah* authorizing such *jihad* had not issued.

       The defendant proposes offering this testimony under Fed. R. Evidence. 803(3). That rule provides in pertinent part that a "statement of the declarant's then existing state of mind . . . (such as . . . mental feeling. . . ), but not including a statement of . . . belief to prove the fact . . . believed . . ." is not excludable under the hearsay rule.

       The statement offered here is one of religious belief: namely, what, under Islamic law, constitutes proper or permissible *jihad*.

A statement as to what a person considers permissible under his or her religion is admissible on the issue of intent. *See U.S. v. Bertram*, 477 F.2d 1329, 1330 (10th Cir. 1973) (defendant's testimony as to his religious beliefs, though no providing a defense to criminal conduct done knowingly, admissible as "evidence as to state of mind establishing that there was no criminal intent"); *Postell v. State*, 200 Ga.App. 208, 214, 407 S.E.2d 412, 418 (1991) ("evidence that the victim told [the defendant] she could not have sexual intercourse with him because her church taught it was wrong was admissible to show her state of mind on the issue of consent."); *see also Morejon v. State*, 394 So.2d 1100, 1101 (Fla.App. 1981) ("There was no error in admitting testimony concerning the defendant's "religious" beliefs . . .; testimony of a witness to the effect that the defendant had stated that men should settle their differences 'in blood' was relevant as probative of the defendant's motive, intent or state of mind.").

Whether the defendant intended to kill or maim United States persons in Iraq is at the heart of the charges against him. The proffered testimony responds to the government's proof of his alleged intent. It is, therefore,

ORDERED THAT the government's objection that the proffered testimony is not admissible under Fed. R. Evid. 803(3) be, and the same hereby is overruled.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
