**Preliminary Instructions**

FILED

2008 JUN 16 AM 8: 27

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

**Introduction**

Now that you have heard the opening statements, I want to give you preliminary instructions as to your duties as jurors.

Then I will give you initial instructions as to the crimes charged in the indictment against the defendants. These instructions include details as to what the government, to your unanimous satisfaction, must prove beyond a reasonable doubt for you to return a guilty verdict.

Please keep in mind that these are *preliminary* instructions, intended for your general guidance during the presentation of evidence. Once you have heard all the evidence and are about to begin your deliberations, I will give my final instructions, which are to control your deliberations.

Our normal trial day will be 8:30 to 4:30 Tuesday through Friday. If I expect a change, I will let you know. If you cannot accommodate any change, please let Amy know, and I'll make whatever adjustment is necessary.

It's important that you hear and see everything that's presented to you by way of evidence, the arguments of counsel, my instructions, and my rulings. If for any reason you cannot hear or see, do not hesitate to let me know. Don't feel that you'll be interfering in any way if you raise a hand and say, Judge, I can't hear you or the witness or the lawyer.

Likewise, if you find yourself getting a little sleepy, as, quite honestly sometimes I do, please don't hesitate to raise your hand and say, Judge, can we have a short break.

## Duty as Jurors

As jurors you are judges – judges of the facts. You must determine whether, on the basis of all the evidence, the government has proven each and every fact that it must prove beyond a reasonable doubt for you to return a guilty verdict. That's your job.

My job is quite different. My job is simply to tell you what the law is that you have to follow. Even if you disagree with the law, or don't believe that the law makes sense, you must still follow the law as I define it for you.

### Evidence: Objections and Rulings

I want to remind you that evidence is what you hear from the witnesses as they answer the lawyers' questions and what you learn from the exhibits and other materials [including in this case, audio recordings and video evidence]. Nothing else is evidence.

Another part of my job is to determine what evidence can be heard or seen by you. You have all seen scenes of lawyers objecting and courts ruling.

Do not hold it against any lawyer for objecting. He or she is simply calling my attention to the possibility that evidence should not be admitted. There is no effort to hide anything. The lawyer wants me to be sure that the evidence is admissible.

Sometimes I will have to call counsel to sidebar or even take a recess to decide the issue. If so, don't speculate as to what is going on, or who may be saying or arguing what.

Finally, when I sustain an objection or tell you to ignore something, you must not consider the evidence that thereby has been excluded. This is so, even if you have already heard or seen the particular evidence.

If you have heard or seen evidence which I exclude, you must ignore it entirely. Likewise, if I sustain an objection to evidence that you haven't heard or seen, you must not wonder what that evidence might have been.

3

### Considering All the Evidence

I have already told you that you must decide the case based only on the evidence, and, in doing so, you must consider all of the evidence.

To do so, you must, as I've already noted, pay close attention throughout the entire trial. To help you remember the evidence, we have provided notebooks for you to use. You will also a photo of each of the witnesses on separate sheets of paper.

I encourage you to take notes; you do not need to do so. But it's likely that you'll be able better to remember the testimony and understand the other evidence if you do.

I remind you that courts do not customarily have testimony read back during deliberations. To do otherwise – or permit jurors to expect that they will later have an opportunity to hear portions of the evidence after it has been presented during the trial – would reduce the importance of being attentive during the trial. A practice of reading back portions of the testimony might also cause some of the evidence to receive greater weight than it should receive.

Thus, you should pay close attention to all the testimony of all the witnesses as they testify.

### Keeping an Open Mind

Deciding the case on the basis of all the evidence requires keeping an open mind until you, as the result of your discussions with the other jurors, become persuaded that the government has or has not proven a charge or charges beyond a reasonable doubt.

To keep an open mind, avoid making any assessment or reaching conclusions or judgments prematurely. This also means not discussing the case until it is the proper time – at the end of the trial – to start doing so.

## Counsel for the Parties

You no doubt notice that several lawyers represent both the government and each of the defendants.

This is an important and somewhat complicated case, and the number of attorneys involved reflects that fact.

Draw no inferences as to who should or might prevail on the basis of the number of attorneys in the case. That would not be a proper consideration for you as you decide the case on the basis of the evidence and my instructions on the law.

### Alternate Jurors

Just before the jury begins to deliberate, I will excuse the jurors who are serving as alternates. No final decision has been made as to which jurors are the alternates and which will deliberate.

So all of you must assume that you will be among the twelve jurors who will decide the case. I encourage all of you to pay very close attention throughout the entire trial.

This concludes my preliminary instructions on your performance of your duties as jurors.

I will now give you my preliminary instructions on the charges against the defendants.

### Indictment: Summary

In summary, the indictment charges the defendants with three kinds of offenses.

An indictment is not evidence; it is not proof of anything. It is simply the formal notice to the defendants of the government's allegations against them.

The indictment includes the following charges:

Charge One: Conspiracy to Kill or Maim Persons in a Foreign Country [all Defendants];

Charge Two: Conspiracy to Provide Material Support or Resources to Terrorists [all Defendants];

Charge Three: Distribution of Information Concerning Explosives or Destructive Devices with Intent to Further a Federal Crime of Violence [Amawi and El-Hindi].

## Charge One

## Conspiracy to Kill or Maim
## Persons in a Foreign Country

### Elements

The defendants, Mohammad Zaki Amawi, Marwan Othman El-Hindi, and Wassim I.

Mazloum, are each charged with conspiring to kill or maim persons in a foreign country in violation

of 18 U.S.C. § 956(a).  The statute provides that:

> Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other persons are located, to commit at any place outside the United States an act that would constitute the offense of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be subject to punishment.

To satisfy its burden of proof, the Government must prove the following elements beyond

a reasonable doubt:

1. Two or more people agreed to murder or maim a person or persons at some place outside

the United States, as I will define those offenses;

2. The defendant knowingly and willfully joined the conspiracy;

3. The defendant was within the jurisdiction of the United States when he entered into the

agreement; and

4. During the existence of the agreement, one of the conspirators - but not necessarily one

of the defendants - committed at least one overt act within the jurisdiction of the United

States in furtherance of any object of the agreement.

### "Conspiracy" Generally

A criminal conspiracy is an unlawful agreement between two or more people to violate the law.

The Government is not required to show that the conspirators entered into an explicit, formal or detailed agreement.

You may find that the government has proven the existence of an unlawful conspiratorial agreement by direct proof. The government may also meet its burden of proving an unlawful conspiratorial agreement on the basis of the circumstances and conduct of the defendants.

It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly, come to a common understanding to violate the law and accomplish an unlawful plan.

If the government proves such understanding on the part of a defendant, you need not find beyond a reasonable doubt that the defendant knew all the details of the unlawful agreement.

Defendants can be convicted of criminal conspiracy even though they do not accomplish the criminal objective which was the purpose of their agreement.

A defendant cannot conspire with only a Government agent: a government agent thus cannot be the only other member, along with a single defendant, of a conspiracy.

10

## Charge One

### Element of Agreement to
### Murder or Maim Outside the United States

The Government must first prove beyond a reasonable doubt that a defendant entered into an agreement with at least one other defendant to murder or maim a person or persons at some place outside of the United States.

"Murder" means the unlawful killing of a human being with malice aforethought.

A person is guilty of murder if he purposely or knowingly causes the death of another human being, or if he causes the death of another human being with extreme indifference to the value of human life.

"Maim" means to disfigure, cut, bite, or slit the nose, ear or lip, or cut out or disable the tongue, or put out or destroy an eye, or disable a limb or any member of another person; or throw or pour upon another person any scalding water, corrosive acid, or caustic substance.

"Outside the United States" means any place outside the states of the United States, the District of Columbia, and the territories and possessions of the United States, including the territorial sea and the overlying airspace.

11

### Charge One:

### Element of Willful
### Participation in the Agreement

The second element that the Government must prove beyond a reasonable doubt is that the defendant willfully became party to an agreement to violate the law.

To prove this element, the government must prove beyond a reasonable doubt that a defendant willfully participated in the conspiratorial agreement to murder or maim someone outside the United States.

To meet this burden, the government must prove beyond a reasonable doubt that the defendant voluntarily joined in the agreement and was aware: 1) of at least some of the basic aims and purposes of the agreement, and 2) that the conduct contemplated by the agreement was wrongful or unlawful.

The Government need not prove that the defendant was aware of every detail of the agreement or even the identity of the other parties to the agreement.

The government need not prove that the defendant joined in all of the agreement's unlawful objectives. Likewise, the government need not prove that the defendant participated in the conspiracy throughout its entire duration. A single act, if committed willfully while the defendant was a member of the conspiracy, may suffice for conviction.

The government must prove each defendant's participation in the agreement by independent evidence of his own acts or statements and those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from such statements or acts.

A defendant cannot, however, be convicted of participating in a conspiracy by mere presence at the scene of an alleged crime or his mere knowledge that others were members of a conspiracy.

12

A person does not become a conspirator just by being or associating with others who are conspirators, or by failing to object to what they are unlawfully planning or doing. This is so, even if he approved of what was happening, provided he did not join with the conspirators.

Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him a conspirator unless the government proves he agreed to commit the unlawful act or acts contemplated by the conspirators.

For the government to meet its burden of proof, it must prove beyond a reasonable doubt that the defendant, having had an understanding of the unlawful character of the conspiracy, willfully engaged in, advised, or assisted in it for the purpose of furthering its illegal undertaking.

13

**Charge One:**

**Element of Defendant Within the
Jurisdiction of the United States
When the Unlawful Agreement was Made**

The government must prove that the defendant was within the jurisdiction of the United States when the conspiratorial agreement was made.

The "jurisdiction of the United States" includes the territory of the States of the United States, the District of Columbia, and the territories and possessions of the United States.

The Northern District of Ohio, in which Toledo is located, the Eastern District of Michigan, in which Detroit and its suburbs are located, and the Northern District of Illinois, in which Chicago is located, are within the jurisdiction of the United States.

The Government need not show that all the parties to the agreement were within the jurisdiction of the United States when the agreement was made; rather, you must only find beyond a reasonable doubt that the defendant was within the jurisdiction of the United States when the agreement was made.

14

## Charge One:

## Element of Overt Act

The government must also prove beyond a reasonable doubt that one of the members of the conspiracy committed at least one overt act in the jurisdiction of the United States in furtherance of an object of the conspiracy.

To commit an overt act in furtherance of an object of the conspiracy, a participant need not undertake a course of action that is certain or even likely to result in the success of the conspiracy.

The law does not require that the act be likely to yield an illegal result, or that the act in question even be prohibited by law. Instead, for the defendant to be liable for conspiracy you need only find beyond a reasonable doubt that he or another participant in the conspiracy committed an act for the purpose of furthering an object of the illegal agreement.

The defendant himself need not have personally engaged in or even known about the alleged act in furtherance of the conspiracy or the identity of the person committing the act.

Instead, the government must only prove beyond a reasonable doubt that the one of the participants in the conspiracy in which the defendant was a participant committed an act to further an object of the conspiracy.

The Government need not prove that the act actually furthered an object of the conspiracy: rather, it need only prove that one of the conspirators undertook an act or a series of acts intended to further an object of the conspiracy.

The government must, however, prove beyond a reasonable doubt that the act occurred during the existence of the conspiracy. A conspirator's act after the agreement has ended cannot meet the Government's burden with respect to this element.

15

When determining whether the alleged act was intended to further an object of the agreement, consider all the facts, and determine whether the circumstances permit you to conclude beyond a reasonable doubt that the act was intended to further an object of the conspiracy.

The government must prove that the act in furtherance of the conspiracy occurred within the jurisdiction of the United States.

16

**Charge Two:**

**Conspiracy to Provide Material Support
or Resources to Terrorists**

The defendants Amawi, El-Hindi, and Mazloum are each charged with conspiring to provide

material support or resources to terrorists or terrorist activity in violation of Title 18, United States

Code, § 2339A

This statue provides, in relevant part, that:

Whoever provides material support or resources . . ., knowing or intending that they are to
be used in preparation for, or in carrying out, a violation of section . . . 2332 . . . of this title
. . . .or attempts or conspires to do such an act...is guilty of a crime.

The "material support" need not be to a particular or specified terrorist group.

Instead, the support must be known to further or intended to further one of the criminal

offenses set forth in the statute. In this case, this includes a violation Title 18, United States Code,

§ 2332(a), which prohibits killing of United States nationals.

17

### Charge Two: Elements

To meet its burden of proof the Government must prove beyond a reasonable doubt:

1. The Defendant conspired to provide material support or resources; and

2. He did so, knowing or intending that the support or resources were to be used in preparation for, or in carrying out, the killing of United States nationals outside the United States.

While the Government must prove that the Defendant knew or intended that the material support or resources in question were to be used in preparation for, or in carrying out, the killing of United States nationals outside the United States, the Government need not prove that the Defendant himself or others actually killed United States nationals.

The elements of a conspiracy, as defined with regard to Charge One, apply to Charge Two as well.

## Charge Two

### Element of Provision of Material Support

The term "material support or resources" includes any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, training, communications equipment, explosives or personnel.

The term "training" means instruction or teaching to impart a specific skill, as opposed to general knowledge.

The term "personnel" means one or more persons who may be, or include, the defendant's own person.

A defendant conspires to provide material support or resources if he conspires to make available, or conspires to transfer or send, support or resources.

## Charge Two

## Element of Knowing or Intending
## Material Support or Resources Would Be Used

The government must prove beyond a reasonable doubt that the defendant knew or intended that the material support was to be used in preparation for, or in carrying out, the killing of United States nationals.

An act is done "knowingly" if the Defendant is aware of the act and does not do it through ignorance, mistake, or accident.

An act is done "intentionally" if it is done deliberately.

The term "United States" includes all the states, territories, and possessions of the United States, and all places and waters subject to the jurisdiction of the United States.

A "national of the United States" is a citizen of the United States or a person owing permanent allegiance to the United States.

The government need not prove that the defendant knew that his actions violated a specific statute; instead, you must only find that the defendants knew or intended that their actions would result in the type of conduct forbidden under the statute I have described to you.

20

**Charge Three:**

**Distribution of Information Concerning**
**Explosives or Destructive Devices**
**With Intent to Further a Federal Crime of Violence**

The defendants Amawi and El-Hindi have been charged with separate violations each

of 18 U.S.C. § 842(p)(2)(A), which states:

> It shall be unlawful for any person to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive or destructive device, with the intent that the information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence.

**Charge Three:**

**Elements**

To meet its burden of proof, the Government must prove beyond a reasonable doubt that the defendant:

1. Distributed, by any means, information pertaining to, in whole or in part, the manufacture or use of an explosive or destructive device; and

2. Acted with the intent that the information be used for, or in furtherance of, an activity that constitutes a federal crime of violence, namely the killing of a United States national outside the United States or an officer or employee of the United States.

## Charge Three

### Element of Distribution of Information
### Pertaining the Manufacture or Use
### of an Explosive or Destructive Device

The terms used in the first element of Charge Three have the following meanings.

"Distribute" means to "sell, issue, give, transfer, or otherwise dispose of" by any means.

"Explosive" is:

> gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuses (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible unties, or other ingredients, in such proportions, quantities, or packing that ignition by fire, friction, concussion, percussion, or detonation of the compound, mixture, or device or any part thereof may cause an explosion.

"Destructive device" is:

> any explosive, incendiary, or poison gas - (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses...and any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

"Federal crime of violence" is either:

> (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

.

23

## Charge Three

### Element of Intent That the Information be Used for, or in Furtherance of, an Activity Constituting a Federal Crime of Violence

"Intent" means that the defendant's purpose in providing the information was that it be employed by the recipients to commit, or to further commission of, or to be used for or in furtherance of, a federal crime of violence, namely the killing of U.S. nationals outside the United States or the killing of United States officers/employees.

In this case, the government alleges that the Federal crime of violence that the defendant intended his information to be used for, or in furtherance of, was either Title 18 U.S.C. § 2332a, killing of U.S. Nationals outside the United States, or Title 18 U.S.C. § 1114, Killing of Any Officer or Employee of the United States.

24