```
 1                    UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF OHIO
 2                         WESTERN DIVISION

 3   UNITED STATES OF AMERICA,    - Docket No. 3:06-CR-719
                                  -
 4       Plaintiff,                - Toledo, Ohio
                                  - June 12, 2008
 5          v.                    - Trial
                                  -
 6   MOHAMMAD ZAKI AMAWI, et al.,-
                                  -
 7       Defendants.              -
     --------------------------------
 8
                  VOLUME 65, TRANSCRIPT OF TRIAL
 9             BEFORE THE HONORABLE JAMES G. CARR
         UNITED STATES DISTRICT CHIEF JUDGE, AND A JURY
10
     APPEARANCES:
11
     For the Plaintiffs:   United States Attorneys' Office
12                         By: Thomas E. Getz
                               Justin E. Herdman
13                         801 Superior Avenue, W
                           Cleveland, OH 44113
14                         (216) 622-3840

15                         U.S. Department of Justice
                           By:  Jerome J. Teresinski
16                              David I. Miller
                           10th & Constitution Ave, NW
17                         Washington, DC 20530
                           (202) 353-3464
18
                           Office of the U.S. Attorney- Austin
19                         By:  Gregg N. Sofer
                           816 Congress Avenue
20                         Austin, TX 78701
                           (512) 916-5858
21

22

23

24

25
```

```
 1   For the Defendant Amawi: Office of the Federal Public
                                Defender - Cleveland
 2                            By:  Amy B. Cleary
                                   Jonathan P. Witmer-Rich
 3                                 Edward G. Bryan
                                   Timothy C. Ivey
 4                            750 Skylight Office Tower
                              1660 West Second St.
 5                            Cleveland, OH 44113
                              (216) 522-4856
 6
                              Muawad & Muawad
 7                            By:  Elias Muawad
                              36700 Woodward Avenue, Suite 209
 8                            Bloomfield Hills, MI 48304
                              (248) 594-4700
 9
     For the Defendant        Kerger & Kerger
10   El-Hindi:                By:  Stephen D. Hartman
                              Suite 201
11                            33 South Michigan Street
                              Toledo, OH 43602
12                            (419) 255-5990

13                            Boss & Vitou
                              By:  Charles M. Boss
14                            111 West Dudley Street
                              Maumee, OH 43537-2140
15                            (419) 893-5555

16                            Raslan, El-Kamhawy & Pla
                              By:  Alek H. El-Kamhawy
17                            Suite 3FE, 1700 East 13 Street
                              Cleveland, OH 44114
18                            (216) 928-1500

19   For the Defendant        David L. Doughten
     Mazloum:                 4403 St. Clair Avenue
20                            Cleveland, OH 44103-1125
                              (216) 361-1112
21
                              Helmick & Hoolahan
22                            By:  Jeffrey J. Helmick
                              2nd Floor
23                            1119 Adams Street
                              Toledo, OH 43624-1508
24                            (419) 243-3800

25
```

```
 1                          Mohammed Abdrabboh
                            1620 Ford Avenue
 2                          Wyandotte, MI 48192
                            (734) 283-8405
 3
     Court Reporter:        Tracy L. Spore, RMR, CRR
 4                          1716 Spielbusch Avenue
                            Toledo, Ohio 43624
 5                          (419) 243-3607

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
     Proceedings recorded by mechanical stenography,
24   transcript produced by notereading.

25
```

| | | |
|---|---|---|
| | 1 | (Reconvened at 8:17 a.m. on June 12, 2008.) |
| 08:17:12 | 2 | (Jury enters the courtroom.) |
| 08:17:14 | 3 | THE COURT: Good morning.  You may be |
| 08:17:16 | 4 | seated.  I'm not going to ask you to comment on when |
| 08:17:22 | 5 | you told us to be here at 8:00 that that's when you'd be |
| 08:17:26 | 6 | starting your breakfast. |
| 08:17:30 | 7 | THE JUROR: Payback is hell. |
| 08:17:38 | 8 | THE COURT: I think we're technologically |
| 08:17:42 | 9 | set to go. |
| 08:17:44 | 10 | MR. SOFER: Yes, Judge.  We'll be going back |
| 08:17:48 | 11 | and forth between two computers. |
| 08:18:04 | 12 | THE COURT: Once again, ladies and |
| 08:18:06 | 13 | gentlemen, if you want to stop or interrupt, just let us |
| 08:18:10 | 14 | know. |
| 08:18:32 | 15 | (Audio is played.) |
| 08:23:30 | 16 | (Video is played.) |
| 08:23:50 | 17 | THE JUROR: No voice. |
| 08:23:54 | 18 | THE COURT: There's audio? |
| 08:23:58 | 19 | MR. HARTMAN: No. |
| 08:24:44 | 20 | THE JUROR: Does it have to be turned up on |
| 08:24:46 | 21 | the film? |
| 08:25:22 | 22 | MR. HARTMAN: There it is.  Just turn it |
| 08:25:26 | 23 | up. |
| 08:25:26 | 24 | THE JUROR: It's faint. |
| 08:25:56 | 25 | THE JUROR: Is there a master volume on |

```
08:25:58   1   there?
08:26:44   2              MR. SOFER:  We're going to try switching the
08:26:48   3   input.
08:26:48   4              THE JUROR:  A lot of static.
08:30:42   5              (Video is played.)
08:37:58   6              THE JUROR:  Your Honor, I think we've seen
09:12:04   7   what we need to see.
09:12:08   8              THE COURT:  You may resume deliberating.  I
09:12:10   9   remind you, only talk about the case when all 12 of you
09:12:14  10   are together, and only in the jury room, and let us know
09:12:16  11   when you take a recess or break.
09:12:16  12                              - - -
09:12:16  13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

```
09:12:16   1                  (Telephone conference commenced at 12:33
12:33:00   2    p.m. on June 12, 2008.)
12:33:00   3                  THE COURT:  Is everybody on the line?
12:33:02   4                  MR. HERDMAN:  The government is here.
12:33:04   5                  MS. CLEARY:  Amy Cleary.
12:33:06   6                  MR. DOUGHTEN:  Mr. Doughten for Mazloum.
12:33:10   7                  MR. HARTMAN:  Steve Hartman.
12:33:12   8                  THE COURT:  I have a question:
12:33:14   9                  Count 2, Element 2.  Is it sufficient for a
12:33:22  10    defendant to conspire to provide material support, or
12:33:28  11    must the material support be actually provided?
12:33:34  12                  It is my understanding, subject to hearing
12:33:36  13    from you folks, particularly the defense, that the
12:33:40  14    conspiracy to provide material support suffices for
12:33:44  15    conviction.
12:33:50  16                  MR. HERDMAN:  That's the government's
12:33:50  17    understanding as well, Your Honor.
12:33:56  18                  MR. DOUGHTEN:  It's a pretty clear statement
12:33:58  19    of law.
12:33:58  20                  MR. HARTMAN:  I think so.  I think they
12:33:58  21    just have to find the agreement.
12:34:02  22                  THE COURT:  Ms. Cleary, do you want some
12:34:04  23    time to talk further?  But I agree, it's quite
12:34:08  24    straightforward.
12:34:10  25                  MS. CLEARY:  I think that's correct also.
```

```
12:34:16   1               MR. HARTMAN:  Isn't it an element they have
12:34:18   2   to find the agreement?  Maybe what we should do is tell
12:34:22   3   them it doesn't have to be provide; you just have to
12:34:26   4   find agreement, rather than conspiracy, and use --
12:34:34   5               MR. SOFER:  The conspiracy is an agreement.
12:34:34   6   I think you're going to confuse them unless you answer
12:34:38   7   that question directly.  Their question is very direct
12:34:42   8   and simple would be the government's position.
12:34:50   9               Your Honor, is there a transcript being
12:34:52  10   made?
12:34:52  11               THE COURT:  Of course.  Tracy's here.
12:34:54  12               MR. SOFER:  The government's position would
12:34:56  13   be it's a simple question with a simple answer.
12:35:02  14               THE COURT:  I'm typing.
12:35:04  15               MS. CLEARY:  I think it's accurate to say
12:35:06  16   that they only have to a have an agreement to provide
12:35:10  17   material support.
12:35:20  18               THE COURT:  I'm typing; hold on a moment.
12:35:30  19               MR. SOFER:  The question is:  Is it
12:35:34  20   sufficient?  They're not asking for other information.
12:35:36  21   They're simply asking if it's sufficient.
12:35:40  22               MR. HARTMAN:  But, Gregg, my only point is,
12:35:42  23   and I'm not disagreeing with you.  I'm not saying that
12:35:46  24   your position is wrong.  I'm just saying that it is
12:35:48  25   sufficient that they conspire.  Well, the conspiracy is
```

```
12:35:52   1   the charge, but the agreement is one element, and
12:35:54   2   they're asking about the second element.  That's the
12:35:58   3   only reason why I suggested that.
12:36:00   4              MR. SOFER:  I understand your point.  I
12:36:00   5   just think -- I think there's always a danger of
12:36:04   6   confusing people if you don't answer the question
12:36:06   7   directly.  They've asked a direct question.  They have
12:36:10   8   been instructed on the law of conspiracy.  The fact
12:36:14   9   that they are talking about it in terms of elements
12:36:16  10   means that they're actually going through the elements
12:36:18  11   of the conspiracy charge.  They've asked a very simple
12:36:24  12   question, and so I think you're risking confusing them
12:36:30  13   by throwing other terms in.  You should just answer
12:36:32  14   their question.
12:36:34  15              MR. HARTMAN:  What I was saying, isn't that
12:36:38  16   the second element in the charge that they got?  I
12:36:42  17   mean, you can say they don't have to provide anything;
12:36:46  18   you just have to find the agreement.
12:36:50  19              MR. SOFER:  We don't have it in front of us,
12:36:52  20   but agreement is the first element.  And again, I think
12:36:58  21   rather than try to reparse out all the elements, what
12:37:02  22   you want to do is answer the jury's legal question which
12:37:06  23   has a clear, unambiguous, legal answer; which is, Yes.
12:37:12  24   When they say:  Is it sufficient?  The answer is:  Yes,
12:37:14  25   that is sufficient.
```

```
12:37:16   1              THE COURT:  Let me try the following, and I
12:37:20   2   can e-mail this to you.
12:37:24   3              Ladies and gentlemen, in answer to your
12:37:26   4   question:  "Count 2, Element 2, is it sufficient for a
12:37:34   5   defendant to conspire to provide material support, or
12:37:40   6   must the material support be actually provided?"
12:37:46   7              The answer is:  It is sufficient for
12:37:50   8   conviction under that count for you to find that a
12:37:56   9   defendant has conspired, as defined in the jury
12:37:58  10   instructions, to provide material support.
12:38:04  11              MR. SOFER:  That's fine with the government,
12:38:06  12   Judge.
12:38:08  13              MR. DOUGHTEN:  Yes, Your Honor.
12:38:10  14              MR. HARTMAN:  Yes, that's fine.  No
12:38:12  15   objection to that.
12:38:14  16              THE COURT:  I meant to add, to include
12:38:18  17   "beyond a reasonable doubt."  So let me read the
12:38:20  18   proposed answer again:  "It is sufficient for conviction
12:38:26  19   under that count for you to find beyond a reasonable
12:38:30  20   doubt that a defendant has conspired, as defined in the
12:38:34  21   jury instructions, to provide material support."
12:38:42  22              MR. HARTMAN:  No objection for El-Hindi.
12:38:44  23              MR. SOFER:  I guess the government would
12:38:46  24   just request that this be prefaced by the word, "yes,"
12:38:52  25   so that they -- again, they get a simple answer to their
```

```
12:38:54   1   question.  The further statement is then given.  At
12:39:00   2   least it puts it in the context of the simple answer to
12:39:02   3   a simple question.  We'd ask that the Court say:  The
12:39:08   4   answer to your question is, yes, and then give the rest
12:39:10   5   of that instruction.
12:39:12   6              THE COURT:  Okay.  Yes, it is sufficient for
12:39:14   7   conviction under that count for you to find beyond a
12:39:20   8   reasonable doubt that a defendant has conspired as
12:39:22   9   defined in the jury instructions to provide material
12:39:26  10   support.
12:39:28  11              MR. SOFER:  That's fine.
12:39:28  12              MR. HARTMAN:  Yes, that's fine with us.
12:39:32  13              THE COURT:  Okay.  Let me take a roll.
12:39:34  14              Mr. Sofer, is that acceptable?
12:39:36  15              MR. BAUER:  Yes, it's fine with the
12:39:40  16   government.
12:39:40  17              THE COURT:  Mr. Hartman?
12:39:40  18              MR. HARTMAN:  No objection from Mr.
12:39:44  19   El-Hindi.
12:39:44  20              THE COURT:  Mr. Doughten?
12:39:46  21              MR. DOUGHTEN:  No objection.
12:39:46  22              THE COURT:  Ms. Cleary?
12:39:48  23              MS. CLEARY:  No objection, Your Honor.
12:39:48  24              THE COURT:  I will have Amy take that on
12:39:50  25   back.
```

12:39:52  1          MR. SOFER:  Thank you, Your Honor.
12:39:52  2                        - - -

MR. SOFER:  Thank you, Your Honor.

```
15:39:24   1              (Telephone conference commenced at 3:39 p.m.
15:39:26   2    on June 12, 2008.)
15:39:30   3              THE COURT:  Who all is on the phone?
15:39:32   4              MR. SOFER:  The government is here.
15:39:36   5              MS. CLEARY:  The Amawi team.
15:39:36   6              THE COURT:  For Amawi?
15:39:38   7              MS. CLEARY:  We have Mr. Bryan, Mr. Ivey,
15:39:42   8    and Amy Cleary.
15:39:44   9              MR. HARTMAN:  For El-Hindi, Hartman and Alek
15:39:50  10    El-Kamhawy.
15:39:50  11              MR. HELMICK:  For Mazloum you have Jeff
15:39:52  12    Helmick and Dave Doughten.
15:39:54  13              THE COURT:  Okay.  The question is:  Count
15:39:58  14    3, if the defendant translates information from Arabic
15:40:02  15    to English, is that a form of distribution?
15:40:06  16              My answer is -- and Amy tells me you agree;
15:40:14  17    is that correct?
15:40:14  18              MS. CLEARY:  We do, Your Honor.
15:40:16  19              THE COURT:  Ms. Cleary, why don't you
15:40:18  20    dictate, have the thrill of dictating something to a
15:40:22  21    federal judge.  We will then type it.
15:40:24  22              MR. SOFER:  Let me just tell you what the
15:40:26  23    government's position is just in case -- I think we may
15:40:30  24    have a slight disagreement.  We agree the Court should
15:40:34  25    read again to the jury the definition as it was read the
```

15:40:38  1  first time through of distribution. I think that's
15:40:40  2  certainly what we all agree on. The only thing the
15:40:46  3  government suggests is that the statute itself that was
15:40:54  4  also in the instructions along with it, because the two
15:40:58  5  things are very much connected, and also, Your Honor, we
15:41:04  6  would also at least remind the Court of your opinion on
15:41:10  7  this matter in the sense the legal issue in part has
15:41:16  8  already been litigated. So those are the three things
15:41:18  9  we just wanted to get across.
15:41:24  10              THE COURT: Well, can somebody dictate
15:41:26  11  something to me, though? I wasn't really being
15:41:30  12  facetious.
15:41:30  13              MS. CLEARY: What we would propose is you
15:41:34  14  simply restate what it states in the jury instructions.
15:41:36  15              THE COURT: What instruction number?
15:41:38  16              MS. CLEARY: Page 38 of the final
15:41:40  17  instructions, part of Instruction Number 22 under the
15:41:50  18  definition, Support, where it says: Distribute means to
15:41:56  19  sell, issue, give, transfer or otherwise dispose of by
15:42:02  20  any means.
15:42:04  21              MR. SOFER: Judge, the government is asking
15:42:08  22  that you give the whole instruction.
15:42:10  23              THE COURT: The entire instruction?
15:42:14  24              MR. SOFER: Just the instruction on this
15:42:16  25  charge.

```
15:42:16   1              THE COURT:  That's what I meant.
15:42:18   2              MR. SOFER:  The beginning part of it, yes.
15:42:20   3    We don't have it in front of us, but the part that talks
15:42:24   4    about the actual statutory language.
15:42:30   5              MR. HARTMAN:  On behalf of El-Hindi, I think
15:42:32   6    we would object to that.  They want to know if
15:42:38   7    translating is distribution.  They're asking a simple
15:42:40   8    question:  What is distribution?  Give them the
15:42:42   9    definition of distribution.  I don't think we can tell
15:42:46  10    them yes or no because that's an actual issue for them
15:42:50  11    to determine after they consider what distribution
15:42:54  12    means.  I think that all they should be given is the
15:42:58  13    definition of distribution.
15:43:02  14              MR. IVEY:  This is Tim Ivey.  On the
15:43:04  15    previous question Mr. Sofer indicated that the jury
15:43:08  16    asked a specific question, and we asked for additional
15:43:12  17    things, and he said we should only answer the specific
15:43:16  18    question.  So this is a goose/gander situation.  They
15:43:18  19    asked about distribution.  Give them distribution.
15:43:20  20    Don't try to put in all this other stuff.
15:43:24  21              MR. SOFER:  The thing about that, Judge, is
15:43:28  22    there is a simple answer.  Your Honor's opinion actually
15:43:38  23    is, yes, it can.  The simple answer then to the
15:43:44  24    question, then again, I think the answer could be as
15:43:46  25    simple as "Yes."  We don't think that would be
```

15:43:50  1  appropriate here because this question's a little bit
15:43:52  2  more complex.  It's answering the question whether to
15:43:56  3  translate -- Mr. Hartman said this before, and we would
15:44:00  4  agree, that simply to translate something by itself
15:44:02  5  without more, meaning at least there's another person
15:44:06  6  there, would not be distributing.  But that's why we
15:44:10  7  think that the whole statute -- this has to be placed in
15:44:14  8  the context of the entire statute, which talks about
15:44:20  9  what distribution is under 842(p)(2)(A) because a part
15:44:24  10 of that actual statute, it talks about demonstrating,
15:44:32  11 direct, and it talks about in whole or in part.  And
15:44:34  12 that whole concept of "in whole or in part by any means"
15:44:40  13 is related to the definition of distribution.  In other
15:44:44  14 words, the statute in part answers the question, and in
15:44:48  15 part the definition of distribution answers this
15:44:50  16 question.  And I think if you try to separate them, it
15:44:52  17 becomes, I think, harder to discern what the answer to
15:44:56  18 the question is.
15:44:58  19            Instead, Your Honor, we would say another,
15:45:02  20 possibly simpler, answer would be the answer could be:
15:45:06  21 Yes, if the other elements and statutory language is
15:45:12  22 satisfied.  But we thought it would be better just to
15:45:16  23 simply give them the charge again, which, of course,
15:45:18  24 they've had already.  I don't see how that prejudices
15:45:22  25 anybody.

```
15:45:24   1              MR. IVEY:  They had the previous question's
15:45:26   2   instruction as to Your Honor.  We would ask for
15:45:28   3   specific things for additional clarification, and we
15:45:30   4   were limited to the instruction.  That's what we're
15:45:34   5   asking for here.  I understand why Mr. Sofer wants all
15:45:36   6   that extra stuff, but it's the same reason we wanted
15:45:40   7   extra stuff in the previous question.  There's a
15:45:42   8   specific question; the answer is the jury instruction.
15:45:46   9   We would say just give them the jury instruction.
15:45:50  10              THE COURT:  Excuse me.  My answer -- I'm
15:45:54  11   going give them following:
15:45:56  12              Ladies and gentlemen, you have asked, "Count
15:46:00  13   3:  If a defendant translates information from Arabic to
15:46:10  14   English, is that a form of distribution?"
15:46:14  15              My answer is to remind you of the definition
15:46:16  16   of "distribution" in instruction Number 22, page 38,
15:46:22  17   which states: Quote, "Distribute" close quote, means to,
15:46:28  18   quote, "sell, issue, give, transfer, or otherwise
15:46:30  19   dispose of by any means."
15:46:44  20              And I'm just going to let it go at that
15:46:46  21   because that is -- that's the only place I think they
15:46:52  22   can properly look.  They've asked what does distribute
15:46:54  23   mean?  Does a certain kind of conduct come within that
15:47:00  24   meaning?  And I'm very concerned that if I do anything
15:47:02  25   else, it could be construed as directing them toward a
```

```
15:47:08   1   verdict in one way or another, and I don't want to do
15:47:10   2   that.  So hold on one minute.
15:47:20   3              MR. SOFER:  Judge, would you be willing to
15:47:22   4   just add or say "refer to the instruction which
15:47:26   5   includes," and then quote the distribution language?
15:47:34   6              MR. HARTMAN:  Judge, we would object to even
15:47:36   7   that for the reasons you stated.  I mean, they're
15:47:38   8   asking -- like you said, it's very simple; they're
15:47:42   9   asking what distribute means.
15:47:48  10              MR. SOFER:  They're not asking so much what
15:47:50  11   distribute means.  They're asking in the context of
15:47:54  12   Count 3, which is a particular statute, whether or not
15:47:58  13   translating could be distributing under that statutory
15:48:00  14   provision.  That's why we think it's important to at
15:48:06  15   least put it in its proper context.
15:48:08  16              THE COURT:  They know they have to read all
15:48:10  17   the instructions in context.  I'm not going to repeat
15:48:14  18   that. I'm going to simply say:  My answer is to remind
15:48:16  19   you of the definition of "distribution" in instruction
15:48:20  20   Number 22, page 38, which states, "distribute" -- it
15:48:34  21   does say distribute, not distribution -- means to "sell,
15:48:40  22   issue, give, transfer, or otherwise dispose of," close
15:48:42  23   quote, by any means.  Okay.
15:48:48  24              MS. CLEARY:  Thank you, Judge.
15:48:50  25              MR. HARTMAN:  Thank you, Judge.
```

```
15:48:50   1            THE COURT:  Thank you, folks.
12:39:54   2                         - - -
12:39:54   3
           4
           5                    C E R T I F I C A T E
           6
           7      I certify that the foregoing is a correct transcript
           8   from the record of proceedings in the above-entitled
           9   matter.
          10
          11   /s Tracy L. Spore_____          _____
          12   Tracy L. Spore, RMR, CRR                Date
```