IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                           Case No. 3:06CR719

        Plaintiff

v.                                             ORDER

Mohammed Zaki Amawi,

        Defendant

       This is a criminal case in which the defendant has been convicted of conspiring to provide material support to terrorism. He is preparing a motion for a new trial. He is in the custody of the Bureau of Prisons at Milan Federal Correctional Institution in Milan, Michigan. His Federal Public Defender attorneys are located in Cleveland, Ohio, a distance of about 150 miles from the Milan institution.

       Defendant's attorneys have filed motions seeking an order directing the Bureau of Prisons to permit him to have electronic access to his case materials. [Doc. 850, 911]. The government opposes the motion, which shall be denied.

       The institution provides some access to computers for inmates to use to review electronically stored data. But the defendant contends that he needs substantially more than the institution can provide. He wants me to order that he get what he wants and needs.

The defendant contends that this is a matter of due process at a critical stage of this proceeding. I disagree: the defendant has been convicted on the evidence introduced at trial. It's the record, not what might outside the record – and available only on the electronic media that the defendant wants to be able to review – that matters.

Even if there were some manifest necessity for the defendant to have the access he seeks, that would not be the issue. The ultimate issue, rather, is whether I have jurisdiction and authority to do as he asks. I do not.

The defendant has cited no authority, and I know of none, that permits me to enter orders regulating conditions of post-trial confinement. Indeed, the law is to the contrary. As stated in *U.S. v. Huss,* 520 F.2d 598, 602 (2d Cir. 1975) (footnote omitted) (emphasis supplied):

> [a] claim of inherent authority to impose conditions of confinement as a part of the sentencing process must fail. This does not mean that the Attorney General has unfettered discretion with respect to conditions of confinement. However, *except where specific statutory authority exists, the place and conditions of confinement are in the first instance, matters of executive rather than judicial branch authority*.

Because I am without jurisdiction and authority to order what the defendant seeks, it is

ORDERED THAT defendant's motions for access to electronic case materials [Docs. 850, 911] be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge