IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                        Case No. 3:06CR719

          Plaintiff

    v.                                                                    ORDER

Mohammed Zaki Amawi,

          Defendant

       This is a criminal case in which the defendant and two codefendants were convicted by a jury of conspiracy to provide material support to terroristic acts overseas and related offenses. Pending is the defendant Amawi's post-trial "Notice of Security Clearance and Request to Review CIPA and FISA Materials." [Doc. 921]. The government opposes the request, [Doc. 929], which shall be overruled.

       Before and during the trial the government met *ex parte* with me pursuant to the Classified Information Procedures Act, 18 U.S.C. App. III. Those meetings were on the record, and the *ex parte* record has been preserved for review on appeal.

Most simply put, there was nothing disclosed during those meetings that should have been disclosed to the defendant or his attorneys before, during or after the trial.[1] There was nothing exculpatory; nothing, indeed, that would have been at all helpful to the defendant or his attorneys.

His attorneys have recently received "secret" level security clearance. They now accordingly renew their request for access to classified materials that may have been presented to me or otherwise might have some bearing on the defendant's other pending post-trial motions for acquittal [Doc. 939] and new trial [Doc. 926] or at his sentencing.

Getting clearance is not enough for access to classified information: there is, quite sensibly, also a "need to know" requirement. Exec. Order No. 13,292 , § 6.1(z), 68 Fed.Reg. 15,315, 15,332 (Mar. 28, 2003). *See Badrawi v. Dep't of Homeland Security*, 2009 WL 103361, *9 (D.Conn.) (counsel without need to know properly denied access to classified information despite security clearance).

To assist my review and consideration of classified material during my *ex parte* sessions with government counsel, I met, at their request, *ex parte* with defense counsel. The purpose of those meetings was to inform me about aspects of the defendants' theory of the case that otherwise I would not have known.

The defendant's present counsel, who also represented him at trial, were not his attorneys when I had that *ex parte* session with defense counsel. They contend, in conjunction with their post-trial motions, that I thereby was unable to assess any classified information in light of *their* approach to the government's case.

---

[1] I have held no *ex parte* sessions with government counsel since sometime before the jury returned its verdicts.

Defendant's present attorneys have not set forth with any specificity just what they would have told me that might have affected my assessment of the classified information the government disclosed to me. In any event, I now have the benefit of hindsight, as focused by the defendant's motions for acquittal and a new trial.

I am confident that I comprehend the defendant's perception and strategy and can adequately evaluate the need of his attorneys to have access to – to know – the substance of the classified information the government has disclosed to me.

In light of what I know about the defendant's circumstances, perception of the case and strategy and tactics, I am absolutely confident that his attorneys did not and do not need to have access to the classified information the government has made known to me.[2]

I am also confident that, were applications and orders of the Foreign Intelligence Surveillance Court, or evidence derived from the execution of such orders, part of the *ex parte* record, no basis exists now, just as it has not previously existed, to disclose such materials to the defendant's attorneys. The security clearances granted to them do not trump the Attorney General's representation of harm to the national security, where and if such representation has been given. *See U.S. v. Ott*, 827 F.2d 473, 476-77 (9th Cir. 1987) (rejecting contention that clearance of counsel creates due process right of access to classified materials).

Clearance simply qualifies counsel to view secret materials. It does not, however, *entitle* counsel to see anything and everything that the government has stamped classified even if it has something to do with a client. *See U.S. v. Bin Laden*, 126 F. Supp.2d 264, 287 n.27 (S.D.N.Y. 2000)

---

[2]I should, perhaps, note that nothing in that information, were an otherwise informed observer to be privy to it, would cause such observer to question my impartiality vis-a-vis the defendant.

(security clearances enable "attorneys to review classified documents, 'but do not entitle them to see all documents with that classification.'") (citing *Ott supra,* 827 F.2d at 477).

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant's Request to Review CIPA and FISA Materials [Doc. 921] be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
