# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:06-CR-719 |
| | : | |
| Plaintiff-Respondent, | : | |
| | : | JUDGE JAMES G. CARR |
| | : | |
| vs. | : | **MOTION TO VACATE PURSUANT** |
| | : | **TO 28 U.S.C. § 2255** |
| MOHAMMED ZAKI AMAWI, | : | |
| | : | |
| Defendant-Petitioner. | : | |

Now comes the Petitioner, Mohammed Amawi, and files the instant motion to vacate his conviction in Counts Three and Four as well as his sentence under 28 U.S.C. § 2255. A memorandum in support is attached.

Respectfully submitted,

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Mohammed Zaki Amawi

1

## MEMORANDUM

### I.    Introduction

In 2009, Defendant Mohammed Amawi was found guilty, after trial by jury, of all four counts of the superseding indictment, which included: Count One, violation of 18 U.S.C. § 956(a)(1); Count Two, violation of 18 U.S.C. § 2339(A); and Counts Three and Four, violation of 18 U.S.C. § 842(p)(2)(A). Dkt. 802, Verdict, PageID 5374-78; Dkt. 996, Judgment, PageID 13748. This Court found Mr. Amawi's sentencing guideline range to be life, based on a total offense level 43, Criminal History Category VI. This Court imposed a sentence of 240 months for Counts One, Three, and Four, and 180 months for Count Two, all to be served concurrently. Dkt. 996, Judgment, PageID 13749. Mr. Amawi has been in federal custody continuously since February 19, 2006, and has served over ten actual years of his sentence.

On June 26, 2015, the Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act to be unconstitutionally vague because it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. As a result, imposing an increased sentence under the residual clause violates the guarantee of due process. *Id.* at 2563. More recently, in April 2016, the Supreme Court held that *Johnson*'s holding is retroactive to other defendants sentenced under the Armed Career Criminal Act. *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Sixth Circuit has further applied the holding of *Johnson* and *Welch* beyond the Armed Career Criminal Act, finding the holding also applies to those sentenced under the Sentencing Guidelines. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). More recently, on

July 7, 2016, the Sixth Circuit also held that *Johnson*'s holding applies to the definition of "crime of violence" set forth in 18 U.S.C. § 16(b). *Shuti v. Lynch*, __ F.3d __, 2016 WL 3632539 (6th Cir. July 7, 2016). The totality of these cases, culminating in *Shuti*, provide relief for Mr. Amawi, and he now requests this Court vacate his convictions in Counts Three and Four and vacate his sentence. Counts Three and Four, violation of 18 U.S.C. § 842(p)(2)(A) require as an element the defendant be engaged in a "crime of violence" as defined by 18 U.S.C. § 16(b). Because the term "crime of violence" is unconstitutionally vague, Mr. Amawi's convictions in Count Three and Count Four violate his right to due process.

## II.     Counts Three and Four contain the element "crime of violence"

Counts Three and Four of the indictment both allege violation of 18 U.S.C. § 842(p)(2)(A). Dkt. 186, Superseding Indictment, PageID 702-04. The statutory definition of this crime states:

> It shall be unlawful for any person (A) to teach or demonstrate the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that the teaching, demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal <u>crime of violence</u>.

18 U.S.C. § 842(p)(2)(A) (emphasis added). This statute does not define the term "crime of violence," but the Supreme Court has instructed courts to look at 18 U.S.C. § 16's definition of "crime of violence" for the purposes of 18 U.S.C. § 842(p). *See Leocal v. Ashcroft*, 543 U.S. 1, 7 n. 4 (2004). Title 18 U.S.C. § 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

In *Leocal*, the Supreme Court held that Florida's driving under the influence statute was not a "crime of violence" under 18 U.S.C. § 16(b). In conducting a statutory interpretation of 18 U.S.C. § 16, the Court declared that §16's definition "has since been incorporated into a variety of statutory provisions, both criminal and noncriminal." *Leocal*, 543 U.S. at 7. In a footnote, the Supreme Court stated, "[f]or instance, a number of statutes criminalize conduct that has as an element the commission of a crime of violence under § 16. *See, e.g.*, 18 U.S.C. § 842(p)." *Id.* at 7 n. 4. Therefore, the term "crime of violence" in 18 U.S.C. § 842(p)(2)(A) has the same definition as 18 U.S.C. § 16. *See also United States v. Hull*, 456 F.3d 133 (3d Cir. 2006) (finding *Leocal*'s holding requires that "crime of violence" in 18 U.S.C. § 16 and § 842(p)(2)(A) have the same meaning).

In the instant case, both the superseding indictment and the jury instructions are in accord and specifically tie the definition of crime of violence to 18 U.S.C. § 16. The superseding indictment states:

**COUNT THREE:**

Between on or about January 10 and on or about January 30, 2005, in the Northern District of Ohio, Western Division, the defendant, Mohammed Zaki Amawi, did knowingly distribute to another person, that is the Trainer, information pertaining to, in whole or in part, the manufacture or use of an explosive or destructive device, with the intent that such information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence, in that the defendant accessed a secure mujahideen web site and opened, viewed, and discussed with the Trainer certain instructional materials and videos, including a video entitled 'Martyrdom Operation Vest Preparation,' which depicted the step-by-step construction and use of a suicide bomb vest, an 'explosive' as defined in Title 18, United States Code, Section 844(I), and a 'destructive device' as defined in Title 18, United States Code. Section 92l(a)(4), and which suicide bomb vest video the defendant displayed and translated for the Trainer, with the intent that the Trainer use said instructional materials for training individuals in the construction and use of such bomb vests to commit and further a <u>Federal crime of violence, as defined in Title 18, United States Code, Section 16</u>, including but not limited to the killing of a national of the United States outside of the United

4

States, a violation of Title 18, United States Code, Section 2332(a), and the killing of any officer or employee of the United States, a violation of Title 18, United States Code, Section 1114. In violation of Title 18, United States Code, Section 842(p)(2)(A).

**COUNT FOUR:**

On or about February 6, 2005, in the No11hern District of Ohio, Western Division, the defendant, Mohammed Zaki Amawi, did knowingly distribute to another person, that is the Trainer, information pertaining to, in whole or in part, the manufacture or use of an explosive or destructive device, with the intent that such information be used for, or in furtherance of, an activity that constitutes a <u>Federal crime of violence</u> in that the defendant distributed to the Trainer a digital copy of a six-page written guide describing the step-by-step process for manufacturing chemical explosive compounds, said compounds constituting an 'explosive' as defined in Title 18, United States Code, Section 844(I), and which information the defendant provided to the Trainer, with the intent that the Trainer use said information for training individuals in the manufacture of explosives to commit and further a <u>Federal crime of violence, as defined in Title 18, United States Code, Section 16</u>, including but not limited to the killing of a national of the United States, outside of the United States, a violation of Title 18, United States Code, Section 2332(a), and the killing of any officer or employee of the United States, a violation of Title 18, United States Code, Section 1114. In violation of Title 18, United States Code, Section 842(p)(2)(A).

Dkt. 186, Superseding Indictment, PageID 702-04 (emphasis added). Furthermore, the jury instructions given by this Court, in setting forth the elements of the offense, define "federal crime of violence" to mirror 18 U.S.C. § 16, stating:

A 'Federal crime of violence' is either: (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Dkt. 806, Jury Instruction, PageID 5438.

Therefore, there can be no dispute that Mr. Amawi's convictions in Count Three and Count Four contained as an element "crime of violence" as defined by 18 U.S.C. § 16.

### III.    Crime of violence under 18 U.S.C. § 16 is unconstitutionally vague

On June 26, 2015, the Supreme Court issued a landmark holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the Armed Career Criminal Act (herein "ACCA") was unconstitutional. The residual clause defined a violent felony as "a crime punishable by imprisonment for a term exceeding one year that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Such a definition allowed defendants charged with violation of 18 U.S.C. § 922(g) to be subject to drastically-increased statutory penalties, including a fifteen-year statutory mandatory minimum sentence. 18 U.S.C. § 924(e)(2). In *Johnson*, the Supreme Court found this definition to be unconstitutionally vague and in violation of the due process clause. *Johnson*, 135 S. Ct. at 2557. Therefore, the Court overruled prior precedent and held "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." *Id.* at 2563.

From the moment of *Johnson*'s issuance, countless defendants serving Armed Career Criminal sentences sought to have their sentence vacated. In this district alone, hundreds of defendants sentenced under the ACCA have filed motions to vacate their sentence under 28 U.S.C. § 2255. In fact, Chief Judge Oliver issued a blanket order appointing the Office of the Federal Public Defender to all ACCA defendants who may eligible for relief under *Johnson*. *See* General Order No. 2015-11 (N.D.Ohio August 27, 2015).

Despite the Supreme Court's holding, the issue of whether *Johnson* would apply retroactively to defendants sentenced under the ACCA remained open for some debate. On April 18, 2016, nearly ten months after *Johnson*'s issuance, the Supreme Court declared that *Johnson*

does apply retroactively to defendants sentenced under the ACCA. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court unequivocally held the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review. In doing so, the Court held "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264 (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")). Furthermore, the *Welch* Court held *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id.* at 1266, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function -- that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id.* (emphasis added). Applying this test, the *Welch* Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

In the wake of *Johnson* and *Welch*, other non-ACCA defendants also have sought to vacate their sentences. For example, defendants who were sentenced under the career offender guideline, U.S.S.G. § 4B1.1, have sought similar relief because the career offender guideline hinges on the term "crime of violence," which mirrors the ACCA and also includes a "residual clause." *See* U.S.S.G. § 4B1.2(a)(2). Furthermore, defendants sentenced for being felons in possession of a firearm have also sought similar relief as U.S.S.G. § 2K2.1(a) can escalate a

defendant's base offense level because of a prior "crime of violence" that also includes the residual clause. *See* U.S.S.G. § 2K2.1, Application Note 1 (defining "crime of violence" as the same as the career offender guideline's definition).

Despite the similarities in these definitions, the Supreme Court has not yet held that defendants sentenced under the guidelines can receive retroactive application of *Johnson*. The Supreme Court's holding in *Welch* provides no direct guidance on this issue either. However, the question of whether *Johnson* applies retroactively to defendants sentenced under the guidelines is pending before the Supreme Court and will be decided in the upcoming term. *See Beckles v. United States*, Supreme Court Case No. 15-8544. The Sixth Circuit has not explicitly held that *Johnson* applies retroactively to defendants sentenced under the Guidelines. The Sixth Circuit has, however, granted authorization for petitioners to file a second or successive § 2255 petition based on *Johnson*. *In re Patrick*, __ F.3d __, 2016 WL 4254929 (6th Cir. August 12, 2016); *In re Watkins*, 810 F.3d 375 (6th Cir. 2015). All in all, the retroactivity of *Johnson* to non-ACCA defendants remains unsettled.

However, only two months ago, the Sixth Circuit held that *Johnson*'s holding regarding the unconstitutionality of the ACCA's residual clause applies in equal force "crime of violence" as set forth in 18 U.S.C. § 16(b). In *Shuti v. Lynch*, __ F.3d __, 2016 WL 3632539 (6th Cir. July 7, 2016), the Sixth Circuit found that 18 U.S.C. § 16(b)'s definition of "crime of violence" was also unconstitutional and in violation of due process. In *Shuti*, the defendant's conviction for Michigan's unarmed robbery was being used to deport him. *Shuti*, 2016 WL 3632539 at *1. The Board of Immigration court concluded the conviction was a crime of violence under 18 U.S.C. § 16, to which the defendant appealed to the Sixth Circuit. *Id.* at *2. The Court found in light of

8

*Johnson*, 18 U.S.C. § 16's definition of "crime of violence" was unconstitutional. The Sixth Circuit found their holding to be consistent with both the Seventh and Ninth Circuits as well. *Id.* at *4 (citing *United States v. Hernandez-Lara*, 817 F.3d 651, 652 (9th Cir. 2016) (per curiam); *United States v. Vivas–Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015). In *Dimaya*, the Ninth Circuit concluded that *Johnson*'s "reasoning applies with equal force to the similar statutory language and identical mode of analysis" used in the Immigration and Nationalization Act's ("INA") residual definition of crime of violence. *Dimaya*, 803 F.3d at 1115.

The Sixth Circuit found the text of 18 U.S.C. § 16(b) "denies fair notice to defendants and invites arbitrary enforcement by judges" just as the ACCA did in *Johnson*. *Shuti*, 2016 WL 3632539 at *5. While the ACCA and § 16(b) were "not a perfect match, these provisions undeniably bear a textual resemblance." *Id.*; *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (noting that 18 U.S.C. § 16's definition of crime of violence is "very similar" to the ACCA's definition of violent felony); *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009) (conceding that "the 'aggravated felony' statute . . . resembles [the] ACCA in certain respects"); *Chambers v. United States*, 555 U.S. 122, 133 n. 2 (2009) (Alito, J., concurring in judgment) (recognizing that "18 U.S.C. § 16(b) . . . closely resembles ACCA's residual clause"). The Sixth Circuit concluded, "both provisions combine indeterminacy about how to measure the risk posed by a crime and how much risk it takes for the crime to qualify as a crime of violence or a violent felony. We cannot avoid the conclusion that the INA's residual clause falls squarely within *Johnson*'s core holding." *Shuti*, 2016 WL 3632539 at *6 (internal citations and quotations omitted).

**IV.     Conclusion**

Following *Shuti*, Mr. Amawi's convictions in Count Three and Four must be vacated for violation of due process. In these two counts, Mr. Amawi was convicted under 18 U.S.C. § 842(p)(2)(A), which requires that he committed or furthered a crime of violence, as defined in 18 U.S.C. § 16. Because § 16's definition of crime of violence has been found to be unconstitutional, under the totality of the holdings of *Johnson* and *Shuti*, these convictions must be vacated. Because these convictions must be vacated, Mr. Amawi's sentence must be vacated as well and he should be re-sentenced on Count One and Count Two.

Respectfully submitted,

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
1Assistant Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Mohammed Zaki Amawi

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 13, 2016, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender