**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Mohammed Zaki Amawi,                                    Case No. 3:06CR719

          Movant

      v.                                                                    **ORDER**

United States of America,

          Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

A jury convicted the movant, Mohammed Amawi, of conspiring to kill and maim persons outside the United States (Count 1), conspiring to provide material support to terrorists in furtherance of killing U.S. nationals (Count 2), and distributing information regarding the manufacture of explosives, destructive devices, and weapons of mass destruction (Counts 3 and 4).

I sentenced Amawi to 240 months' imprisonment on Counts 1, 3, and 4, and 180 months' imprisonment on Count 2. The Sixth Circuit affirmed. *U.S. v. Amawi*, 695 F.3d 457 (6th Cir. 2012). Amawi moved to vacate his sentence in 2014, but I denied the motion. *U.S. v. Amawi*, 2014 WL 5795551 (N.D. Ohio 2014).

In the present § 2255 motion, Amawi seeks relief from his convictions on Counts 3 and 4.

The statute establishing the offense of distributing information regarding the manufacture of explosives and like devices, 18 U.S.C. § 842(p)(2)(A), requires proof that the "teaching,

demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence."

Although the statute does not define "crime of violence," I instructed the jury, in accord with *Leocal v. Ashcroft*, 543 U.S. 1 (2004), that "crime of violence" has the same meaning as it does in 18 U.S.C. § 16(b) and thus meant, *inter alia*, "any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (Doc. 806, PageID 5438).

As Amawi notes, the Supreme Court held in *Dimaya v. Session*, 138 S. Ct. 1204 (2018), that the definition of "crime of violence" in § 16(b) is unconstitutionally vague. That decision came in the wake of *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's identical definition of "crime of violence" was unconstitutional, and *Welch v. U.S.*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively.

In light of this authority, Amawi contends that his convictions for violating § 842(p) cannot stand.

The government disputes that, but its principal contention is that the current motion is a "second or successive" motion that Amawi cannot litigate without first obtaining the Sixth Circuit's permission to file it. It argues that, notwithstanding recent developments in Supreme Court case law, Amawi's motion is "second or successive" because it does not depend on facts that arose after Amawi's first round of § 2255 proceedings concluded. (Doc. 1172 at 7).

I agree and will transfer the motion to the Sixth Circuit.

District courts lack subject-matter jurisdiction to adjudicate a "second or successive" motion to vacate. *See* 28 U.S.C. § 2244(b)(3)(A). I do have jurisdiction, however, to decide if a motion is "second or successive." *In re Smith*, 690 F.3d 809, 809 (6th Cir. 2012).

As the Circuit has explained, "not all second-in-time petitions are 'second or successive'" for purposes of § 2244(b). *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

"But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *Id.* (internal citations and quotation marks omitted).

*Coley* also held that a claim is not "unripe" simply because it depends on a new rule of law that emerged after the movant's first round of collateral review. "What the exception *cannot* mean," the court insisted, "is what Coley claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition." *Id.* (internal emphasis in original).

Here, Amawi's claim depends on a new rule – the *Dimaya/Johnson* rule – not on new facts. The factual predicate of his claim was complete when I instructed the jury on the meaning of "crime of violence." That being so, Amawi could have argued on direct appeal that the instruction was faulty because it incorporated an unconstitutionally vague or otherwise problematic definition of "crime of violence."

Amawi responds that I can consider a "second or successive" motion, as long as I determine that it depends on newly discovered evidence or invokes a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. (Doc. 1173 at 3) (citing 28 U.S.C. § 2255(h)).

That is not correct. Only the Court of Appeals can authorize the filing of a second or successive motion under § 2255(h), and I must await its determination whether Amawi's motion satisfies that provision.

It is, therefore,

ORDERED THAT the motion to vacate (Doc. 1161) be, and the same hereby is, transferred to the United States Court of Appeals for the Sixth Circuit.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge