**In the United States District Court,
Northern District of Ohio,
Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:06-cr-00719 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Mohammad Zaki Amawi, | |
| Defendant. | |

Pending is Defendant's Motion for Permission to Travel Abroad. (Doc. 1229). Defendant seeks the Court's permission to travel to his home country - the Kingdom of Jordan - to visit his elderly father, brothers, nieces and nephews and also to meet his fiancée (whom he has only met online). (Doc. 1229-1). The Government opposes the Motion. (Doc. 1230). The Defendant filed his Reply (Doc. 1231). And I deny the Motion.

Following a two month trial, a jury convicted the Defendant and his codefendants of serious crimes committed against the United States and our national security. The Defendant was sentenced on four counts: Conspiracy to Kill, Maim or Injure Persons Outside the United States, in violation of 18 U.S.C. § 956(a)(1); Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A(a); and two counts of Distribution of Information Relating to Explosives, Destructive Devices and Weapons of Mass Destruction, in violation of 18 U.S.C. § 842(p)(2)(A). (Doc. 998).

The Government demanded a life sentence. I imposed a twenty-year sentence, with lifetime supervision to follow. (*Id.*).

The Defendant began his term of supervised release May 24, 2023 to a half-way house in Houston, Texas. (Doc. 1229, pgID 18699). He was released into the community on August 28, 2023. (*Id.*). Now, seven months later, he wants to leave the United States and travel abroad to his country of birth, the country where he was arrested and extradited for trial.

He prefers to travel abroad for two months and states after getting married and visiting his elderly father - whom he has not seen for eighteen years - and other family members, he will return to his current home in Houston, Texas. (Docs. 1229, 1229-1, 1229-2, 1229-3).

The Government, among other things, contends his request – permission to leave the country unsupervised – is extraordinary. (Doc. 1230, pgID 18708). The risk of danger is omnipresent. (*Id.* at 18714). And his promise to return is hardly sufficient assurance that the Defendant will do as he says. (*Id.* at 18720).

The Defendant's attorney, who also represented him at trial, writes at length about the conditions that exist in the Middle East. (Doc. 1231). But neither the Defendant nor his attorney offer anything other than the Defendant's promise that he will return to resume serving his lifetime supervised release in the United States.

During the pendency of the case, the Government insisted that all the defendants were facing a life sentence if convicted. Over objection, I permitted two defendants, Khaleel Ahmed and Zubair Ahmed, to travel to Chicago. (Docs. 241, 245). Both defendants had strict conditions of home detention and third-party custodians. (*Id.*). In return, a $500,000 property bond for each defendant was posted as security. (Docs. 240, 242, 243, 244). They returned to court.

The Defendant offers nothing of that sort. He suggests no third-party custodian(s). No one has come forward to post property, real or personal, of sufficient magnitude to give me some assurance that the Defendant will return from his homeland, family, and bride.

Nor does he, or his attorney, offer anything else that might provide some assurance that the Defendant would return where he spent nearly half his life in a federal prison, rather than remaining in Jordan, where his fiancé and family permanently reside.

Instead, he simply offers that he has family ties and a job in Houston to which he will return. (Doc. 1231, pgID 18728).

Balanced against what the Defendant does *not* offer, that assurance, and his promise to return, are completely insufficient for me to conclude that there is a reasonable likelihood that he will make good on the promise – unsupported and unsecured – that he will come back to the United States.

It is, accordingly, hereby

ORDERED THAT that the Defendant's Motion for leave to travel to Jordan be, and the same hereby is, **denied**.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge