# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:06-cr-00719 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Mohammed Zaki Amawi, | **ORDER** |
| Defendant. | |

Pending is the Defendant's Second Motion for Leave to Travel outside of the United States. (Doc. 1240). As it did previously with the first Motion, the Government filed an Opposition. (Doc. 1241). And the Defendant filed a Reply. (Doc. 1242).

I previously denied the first Motion (Doc 1232), and I do so again today.

Defendant repeats the same reasons for his request to travel to the Kingdom of Jordan. Those reasons are to visit family, including his ailing father, and to meet his fiancée, whom he has only met online.

In his original Motion, Defendant indicated that his father was unable to obtain a Visa, and his fiancé unable to visit the United States. (Doc. 1229, pgID 18700). But he has not explained why that is so.

This time, Defendant indicates his brother, Abdallaha Amawi, Ph.D., a Researcher with M.D. Anderson Cancer Center, has agreed to post his residence in Houston as security. (Doc. 1240, pgID 18758). This, Defendant claims, will ensure his return to the U.S. from Jordan. (*Id.*).

The Motion does not indicate the value of the home, Dr. Amawi's equity in it, the extent and number of encumbrances, if any, and other details regarding the proffered property. Those

1

considerations aside, I remain concerned that Defendant might fail to return. In which case, according to the Government, it could not take legal action to procure his voluntary return because there is no extradition between the Kingdom of Jordan and the United States. (Doc. 1241, pgID 18775).

Defense counsel points to Defendant's compliance with the terms and conditions of his supervised release since release from custody in August 2023. However, I am far from persuaded that the Defendant's return, even in light of his brother's willingness to post his property as a surety, is so likely that I must find it more likely than not that the conditions suffice to create such assurance.

Candidly, the period of successful satisfaction of the conditions of supervised release is simply too short to generate the necessary degree of likelihood that the Defendant would return once back in his homeland. His ties to Houston Texas, his current community of residence, are of brief duration. His roots, simply put, are too shallow. In time, that may pass. But for now, it is simply too early to tell. In terms of familial connections, his roots run far deeper in Jordan.

By this Order, I do not intend to express an enduring determination that the Defendant not be allowed to travel to Jordan, but considerably more time must pass before I – or I suspect another judge – can find that the roots here are deep and firm enough to assume the risk of flight to a country from which the U.S. Government cannot lawfully secure return.

It is, accordingly, hereby ordered that:

The Defendant's Second Motion to Travel (Doc. 1240), be and the same hereby is, **denied.**

So ordered.
DATE: 7/29/2024

/s/ *James G. Carr*
Sr. United States District Judge